Howard E. Cole
State Bar No. 4950
Jennifer K. Hostetler
State Bar No. 11994
Lewis Roca Rothgerber Christie LLP
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996
Tel: 702.949.8200
Fax: 702.949.8398
E-mail: hcole@lrrc.com
E-mail: jhostetler@lrrc.com

Kirstin E. Muller*
Alison M. Hamer*
Benjamin J. Treger*
Hirschfeld Kraemer LLP
233 Wilshire Boulevard
Suite 600
Santa Monica CA 90401
Tel:  310.255.0705
Fax:  310.255.0986
Email: kmuller@HKemploymentlaw.com
Email: ahamer@HKemploymentlaw.com
Email: btreger@HKemploymentlaw.com
*Has complied with LR IA 11-2

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIEL GONZALEZ and JEFFREY HUGUES,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>DIAMOND RESORTS INTERNATIONAL MARKETING, INC., DIAMOND RESORTS INTERNATIONAL, INC., DIAMOND RESORTS CORPORATION, and WEST MAUI RESORTS PARTNERS, L.P.,<br><br>　　　　　Defendants. | Case No.  2:18-cv-00979-GMN-VCF<br><br>_____<br><br>**DEFENDANTS' ANSWER TO COMPLAINT FOR DAMAGES** |

In accordance with Rule 8 of the Federal Rules of Civil Procedure, Defendants Diamond Resorts International Marketing, Inc. ("DRIMI"), and West Maui Resorts Partners, L.P. ("WMRP") (collectively "Defendants"),[1] for themselves, admit and deny the allegations of the Complaint filed in this matter (the "Complaint") by Plaintiffs Daniel Gonzalez and Jeffrey Hugues (collectively "Plaintiffs") as follows:

## COLLECTIVE AND CLASS ACTION COMPLAINT

Defendants state that lines 2 to 13 of page 1 of the Complaint are statements and/or legal conclusions of law that Defendants are not required to admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in lines 2 to 13, page 1 of the Complaint.

## I. OVERVIEW

1. In answering Paragraph 1 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 1 of the Complaint.

2. In answering Paragraph 2 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 2 of the Complaint.

3. In answering Paragraph 3 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 3 of the Complaint.

///

---

[1] By stipulation that will be filed on or about September 7, 2018, Plaintiffs have agreed to dismiss Diamond Resorts International, Inc. ("DRII"), and Diamond Resorts Corporation ("DRC"). Therefore, this Answer is only being filed on behalf of DRIMI and WMRP.

2

CASE NO. 2:18-CV-00979-GMN-VCF

4.      In answering Paragraph 4 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 4 of the Complaint.

5.      In answering Paragraph 5 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 5 of the Complaint.

6.      In answering Paragraph 6 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 6 of the Complaint.

7.      In answering Paragraph 7 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 7 of the Complaint.

8.      In answering Paragraph 8 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 8 of the Complaint.

9.      In answering Paragraph 9 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 9 of the Complaint.

10.     In answering Paragraph 10 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 10 of the Complaint.

## II. JURISDICTION AND VENUE

11. In answering Paragraph 11 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 11 of the Complaint.

12. In answering Paragraph 12 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 12 of the Complaint.

## III. THE PARTIES

13. In answering Paragraph 13 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants are without sufficient information to admit or deny the allegations therein, and on that basis, deny.

14. In answering Paragraph 14 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants are without sufficient information to admit or deny the allegations therein, and on that basis, deny.

15. In answering Paragraph 15 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants admit that DRIMI's registered agent for service in Nevada is National Registered Agents, Inc. of Nevada, 701 S. Carson Street, Suite 200, Carson City, Nevada and deny each and every remaining allegation contained in Paragraph 15 of the Complaint.

16. In answering Paragraph 16 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

to either admit or deny.  To the extent the allegations are factual, Defendants admit that DRII's registered agent for service in Nevada is National Registered Agents, Inc. of Nevada, 701 S. Carson Street, Suite 200, Carson City, Nevada and deny each and every remaining allegation contained in Paragraph 16 of the Complaint.

17. In answering Paragraph 17 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny.  To the extent the allegations are factual, Defendants admit that DRC's registered agent for service in Nevada is National Registered Agents, Inc. of Nevada, 701 S. Carson Street, Suite 200, Carson City, Nevada and deny each and every remaining allegation contained in Paragraph 17 of the Complaint.

18. In answering Paragraph 18 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny.  To the extent the allegations are factual, Defendants admit that WMRP's registered agent for service in Nevada is National Registered Agents, Inc. of Nevada, 701 S. Carson Street, Suite 200, Carson City, Nevada and deny each and every remaining allegation contained in Paragraph 18 of the Complaint.

## IV.  DEFENDANTS' BUSINESS OPERATIONS

19. As to the allegations of Paragraph 19 of the Complaint, Defendants admit that it operates under the trade name Diamond Resorts.  Defendants deny the remaining allegations of this paragraph.

20. In answering Paragraph 20 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny.  To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 20 of the Complaint.  Defendants market and sell points based vacation memberships.

21. In answering Paragraph 21 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny.  To the extent the allegations are factual, Defendants deny

each and every allegation contained in Paragraph 21 of the Complaint.  Defendants market and points based vacation memberships.

22. As to the allegations of Paragraph 22 of the Complaint, Defendants are without sufficient information to admit or deny such allegations, and on that basis, deny.

23. In answering Paragraph 23 of the Complaint, Defendants, to the best they understand the allegations in Paragraph 23, admit that Defendants use a management structure with regional managers as well as management in corporate offices in Las Vegas.

24. In answering Paragraph 24 of the Complaint, Defendants, to the best they understand the allegations in Paragraph 24, admit that Defendants make certain decisions related to the policies, practices and procedures for conducting sales operations, timekeeping, compensation and payroll in Las Vegas, Nevada, but deny that all such decisions are made there.

25. In answering Paragraph 25 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny.  To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 25 of the Complaint.

26. In answering Paragraph 26 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny.  To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 26 of the Complaint.  Sales Representatives for Defendants market points based vacation memberships, and may have differing job duties and responsibilities from location to location.

27. In answering Paragraph 27 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny.  To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 27 of the Complaint.  Sales

Representatives for Defendants market points based vacation memberships, though the memberships sold may vary.

28. In answering Paragraph 28 of the Complaint, Defendants admit that if a Sales Representative makes a sale to a customer, a purchase agreement is usually drafted and executed on or around the same day.

29. In answering Paragraph 29 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 29 of the Complaint. Sales Representatives for Defendants market points based vacation memberships, though the memberships sold may vary.

30. In answering Paragraph 30 of the Complaint, Defendants admit that if a Sales Representative makes a sale to a customer, a purchase agreement is usually drafted and executed on or around the same day.

31. In answering Paragraph 31 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 31 of the Complaint. Sales Representatives for Defendants market points based vacation memberships, though the memberships sold may vary.

32. In answering Paragraph 32 of the Complaint, Defendants admit that if a Sales Representative makes a sale to a customer, a purchase agreement is usually drafted and executed on or around the same day.

33. In answering Paragraph 33 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants admit that during the Recovery Periods, Sales Representatives for Defendants were

1  eligible to earn commissions and bonuses, in addition to base pay advance.
2  Defendants deny the remaining allegations in Paragraph 33.

3      34.   In answering Paragraph 34 of the Complaint, Defendants state that it
4  contains statements and/or legal conclusion of law that Defendants are not required
5  to either admit or deny.  To the extent the allegations are factual, Defendants deny
6  each and every allegation contained in Paragraph 34 of the Complaint, specifically
7  that Sales Representatives were non-exempt.

8      35.   In answering Paragraph 35 of the Complaint, Defendants state that it
9  contains statements and/or legal conclusion of law that Defendants are not required
10 to either admit or deny.  To the extent the allegations are factual, Defendants deny
11 each and every allegation contained in Paragraph 35 of the Complaint, specifically
12 that Sales Representatives were non-exempt.

13     36.   In answering Paragraph 33 of the Complaint, Defendants state that it
14 contains statements and/or legal conclusion of law that Defendants are not required
15 to either admit or deny.  To the extent the allegations are factual, Defendants admit
16 that during the Recovery Periods some Sales Representatives worked more than 40
17 hours in a workweek though deny that they were improperly paid for these hours.

18     37.   In answering Paragraph 37 of the Complaint, Defendants state that it
19 contains statements and/or legal conclusion of law that Defendants are not required
20 to either admit or deny.  To the extent the allegations are factual, Defendants admit
21 that during the FLSA Recovery Period Plaintiff Gonzalez worked as a Sales
22 Representative at one of Defendants' resorts in San Diego, California and worked
23 more than forty hours in certain workweeks.  Defendants deny the remaining
24 allegations in Paragraph 37.

25     38.   In answering Paragraph 38 of the Complaint, Defendants state that it
26 contains statements and/or legal conclusion of law that Defendants are not required
27 to either admit or deny.  To the extent the allegations are factual, Defendants admit
28 that during the FLSA Recovery Period Plaintiff Hughes worked more than forty

1  hours in certain workweeks. Defendants deny the remaining allegations in
2  Paragraph 38.

3      39. In answering Paragraph 39 of the Complaint, Defendants state that it
4  contains statements and/or legal conclusion of law that Defendants are not required
5  to either admit or deny. To the extent the allegations are factual, Defendants admit
6  that during the Hawaii Recovery Period Plaintiff Gonzalez worked as a Sales
7  Representative at one of Defendants' resorts in Hawaii, and worked more than forty
8  hours in certain workweeks. Defendants deny the remaining allegations in
9  Paragraph 39.

10      40. As to the allegations of Paragraph 40 of the Complaint, Defendants are
11 without sufficient information to admit or deny, and on that basis, deny.

12      41. As to the allegations of Paragraph 41 of the Complaint, Defendants are
13 without sufficient information to admit or deny, and on that basis, deny.

14      42. In answering Paragraph 42 of the Complaint, Defendants state that it
15 contains statements and/or legal conclusion of law that Defendants are not required
16 to either admit or deny. To the extent the allegations are factual, Defendants are
17 without sufficient information to admit or deny, and on that basis, deny.

## V. COVERAGE UNDER THE FLSA

19      43. As to the allegations of Paragraph 43 of the Complaint, Defendants
20 admit that Defendant DRIMI was an employer of Hughes within the meaning of
21 Section 3(d) of the FLSA, 29 U.S.C. Section 203(d) and members of the Collective
22 Class employed outside of Hawaii. Defendants deny that Defendant DRIMI was
23 and/or is an employer of Gonzalez.

24      44. As to the allegations of Paragraph 44 of the Complaint, Defendants
25 deny that Defendant DRII was and/or is an employer of Hughes, Gonzalez or
26 Collective Class Members within the meaning of Section 3(d) of the FLSA, 29
27 U.S.C. Section 203(d).

45. As to the allegations of Paragraph 45 of the Complaint, Defendants deny that Defendant DRC was and/or is an employer of Hughes, Gonzalez or Collective Class Members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. Section 203(d).

46. As to the allegations of Paragraph 46 of the Complaint, Defendants deny that Defendant WMRP was and/or is an employer of Hughes or Collective Class members outside of Hawaii within the meaning of Section 3(d) of the FLSA, 29 U.S.C. Section 203(d). Defendants admit that Defendant WMRP was the employer of Gonzalez and was and/or is the employer of Collective Class members employed within Hawaii within the meaning of Section 3(d) of the FLSA, 29 U.S.C. Section 203(d).

47. In answering Paragraph 47 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 47 of the Complaint.

48. In answering Paragraph 48 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 48 of the Complaint.

49. In answering Paragraph 49 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 49 of the Complaint.

50. In answering Paragraph 50 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 50 of the Complaint.

51.   As to the allegations of Paragraph 51 of the Complaint, Defendants admit that during the FLSA Recovery Period, Hughes, Gonzalez, and Collective Class Members as defined by the Complaint were employees within the meaning of §3(e)(1) of the FLSA.

52.   In answering Paragraph 52 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny.  To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 52 of the Complaint.

53.   In answering Paragraph 53 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny.  To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 53 of the Complaint.

54.   In answering Paragraph 54 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny.  To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 54 of the Complaint.

## VI.   COVERAGE UNDER HAWAII WAGE AND HOUR LAWS

55.   As to the allegations of Paragraph 55 of the Complaint Defendants admit that Defendant DRIMI was the employer of Hughes within the meaning of Chapter 387 of the Hawaii Wage and Hour Law, HRS 387-1.  Defendants deny that Defendant DRIMI was and/or is an employer of Gonzalez or the Hawaii Class members within the meaning of Chapter 387 of the Hawaii Wage and Hour Law, HRS 387-1.

56.   As to the allegations of Paragraph 56 of the Complaint, Defendants deny that Defendant DRII was and/or is an employer of Hughes, Gonzalez or the Hawaii Class members within the meaning of Chapter 387 of the Hawaii Wage and Hour Law, HRS 387-1.

11

CASE NO. 2:18-CV-00979-GMN-VCF

57. As to the allegations of Paragraph 57 of the Complaint, Defendants deny that Defendant DRC was and/or is an employer of Hughes, Gonzalez or the Hawaii Class members within the meaning of Chapter 387 of the Hawaii Wage and Hour Law, HRS 387-1.

58. As to the allegations of Paragraph 58 of the Complaint, Defendants admit that Defendant WMRP was and/or is an employer of Gonzalez or the Hawaii Class members within the meaning of Chapter 387 of the Hawaii Wage and Hour Law, HRS 387-1. Defendants deny that Defendant WMRP was and/or is an employer of Gonzalez within the meaning of Chapter 387 of the Hawaii Wage and Hour Law, HRS 387-1.

59. In answering Paragraph 59 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 59 of the Complaint.

60. In answering Paragraph 60 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 60 of the Complaint.

61. In answering Paragraph 61 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 61 of the Complaint.

62. In answering Paragraph 62 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 62 of the Complaint. Sales Representatives for Defendants may have differing job duties and responsibilities depending upon their position and from location to location.

## VII. FIRST CAUSE OF ACTION – FLSA COLLECTIVE ACTION ALLEGATIONS

63. Paragraph 63 reasserts and realleges the allegation set forth in the previous 62 paragraphs of the Complaint. Defendants incorporate herein by reference all admissions and denials set forth in Paragraphs 1-62.

64. Paragraph 64 merely states the nature of Plaintiffs' lawsuit and does not require a response.

65. Paragraph 65 merely states the nature of Plaintiffs' lawsuit and does not require a response.

66. In answering Paragraph 66 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 66 of the Complaint, specifically that Plaintiffs or Collective Class Members were not subject to any of the FLSA's exemptions from overtime pay.

67. In answering Paragraph 67 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 67 of the Complaint.

68. In answering Paragraph 68 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 68 of the Complaint, specifically that Defendants classified the Collective Class Members as non-exempt employees who were entitled to receive overtime.

69. In answering Paragraph 69 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required

to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 69 of the Complaint.

70. In answering Paragraph 70 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 70 of the Complaint.

71. In answering Paragraph 71 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 71 of the Complaint.

72. In answering Paragraph 72 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 72 of the Complaint.

73. In answering Paragraph 73 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 73 of the Complaint.

74. In answering Paragraph 74 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 74 of the Complaint.

75. In answering Paragraph 75 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 75 of the Complaint.

76. In answering Paragraph 76 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required

14
CASE NO. 2:18-CV-00979-GMN-VCF

to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 76 of the Complaint.

## VIII. SECOND CAUSE OF ACTION – HAWAII STATE LAW CLASS ACTION ALLEGATIONS

77. Paragraph 77 reasserts and realleges the allegation set forth in the previous 76 paragraphs of the Complaint. Defendants incorporate herein by reference all admissions and denials set forth in Paragraphs 1-76.

78. Paragraph 78 merely states the nature of Plaintiffs' lawsuit and does not require a response.

79. In answering Paragraph 79 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 79 of the Complaint.

80. In answering Paragraph 80 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 80 of the Complaint.

81. In answering Paragraph 81 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 81 of the Complaint.

82. In answering Paragraph 82 of the Complaint, Defendants are without sufficient information to admit or deny, and on that basis, deny.

83. In answering Paragraph 83 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 83 of the Complaint.

84. In answering Paragraph 84 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 84 of the Complaint.

85. In answering Paragraph 85 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 85 of the Complaint.

86. Paragraph 86 merely states the nature of Plaintiffs' lawsuit and does not require a response.

87. In answering Paragraph 87 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 87 of the Complaint.

88. In answering Paragraph 88 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 88 of the Complaint.

89. In answering Paragraph 89 of the Complaint, Defendants state that it contains statements and/or legal conclusion of law that Defendants are not required to either admit or deny. To the extent the allegations are factual, Defendants deny each and every allegation contained in Paragraph 89 of the Complaint.

90. Paragraph 90 merely states the nature of Plaintiffs' lawsuit and does not require a response.

91. Paragraph 91 is Plaintiffs' prayer for relief and does not require a response.

/ / /

/ / /

# AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's First Amended Complaint, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE
## (Lack of Subject Matter Jurisdiction)

1. This Court lacks subject matter jurisdiction over the state law claims in the Complaint, as (i) they do not arise from the same nucleus of operative facts as the Cause of Action for violation of the Fair Labor Standards Act; and/or (ii) compelling reasons exist to decline supplemental jurisdiction.

## SECOND AFFIRMATIVE DEFENSE
## (Exemption)

2. Plaintiffs and other Sales Representatives at all times exempt from overtime pursuant to the Fair Labor Standards Act, state law, and the regulations promulgated thereunder. To the extent Plaintiff seeks to represent any other employees based on alleged misclassification as overtime-exempt, such employees were also exempt under the foregoing laws.

## THIRD AFFIRMATIVE DEFENSE
## (Good Faith Defense)

3. Plaintiffs' claims for liquidated damages and penalties are barred because Defendants' actions or omissions were in good faith, and Defendants had reasonable grounds for believing that its actions or omissions did not violate applicable law. Although Defendant denies that any damages, liability or that amounts are owed to Plaintiffs, if it should be determined that anything is owed to Plaintiff, then Defendants allege, upon information and belief, that at all times relevant to this action, a reasonable, good faith dispute existed as to whether any such amounts were in fact owed to Plaintiffs and that there was no willful failure to pay any wages allegedly owed to Plaintiffs.

## FOURTH AFFIRMATIVE DEFENSE
## (Adequate Remedy at Law Precluding Injunctive Relief)

4. Plaintiffs' claims for injunctive relief are barred because Plaintiffs have an adequate and complete remedy at law and/or Plaintiffs cannot make the requisite showing to obtain injunctive relief.

## FIFTH AFFIRMATIVE DEFENSE
## (Claims Subject to Arbitration)

5. Plaintiffs' claims against Defendants are barred to the extent they are subject to an Arbitration Agreement.

## SIXTH AFFIRMATIVE DEFENSE
## (Estoppel, Waiver and Unclean Hands)

6. Any recovery on Plaintiffs' Complaint or any claim alleged therein is barred in whole or in part by the doctrines of estoppel unclean hands and/or waiver.

## SEVENTH AFFIRMATIVE DEFENSE
## (Release)

7. The Complaint, and each cause of action alleged therein, is barred to the extent that Plaintiffs and/or the putative class members entered into a compromise, settlement or release agreement regarding Plaintiffs' and/or the putative class members claims.

## RESERVATION OF RIGHT TO RAISE ADDITIONAL DEFENSES

1. The Complaint fails to state the bases of the underlying claims made against Defendants with sufficient particularity so as to enable Defendants to determine all of their defenses thereto. Therefore, Defendants reserve the right to assert all applicable defenses to the Complaint once the specific bases of such claims are determined through discovery or otherwise.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Defendants pray for judgment on the Complaint and against Plaintiffs as follows:

1. That Plaintiffs takes nothing by their Complaint against Defendants, and that judgment be entered in favor of Defendants on each of Plaintiffs' claims;

2. That Defendants recover the costs of suit herein;

3. That Defendants be awarded reasonable attorneys' fees; and

4. For such other and further relief as this Court deems just and proper.

Dated: September 7, 2018                         HIRSCHFELD KRAEMER LLP


By:  */s/ Kirstin E. Muller*
Kirstin E. Muller
Alison M. Hamer
Benjamin J. Treger

Howard E. Cole
Nevada Bar No. 4950
Jennifer K. Hostetler
Nevada Bar No. 11994
Lewis Roca Rothgerber Christie LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169

Attorneys for Diamond Resorts International Marketing, Inc., Diamond Resorts International, Inc., Diamond Resorts Corporation, and West Maui Resorts Partners, L.P.

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

CASE NO. 2:18-CV-00979-GMN-VCF

**CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2018, I caused a true and Accurate copy of the foregoing, DEFENDANTS' ANSWER TO COMPLAINT FOR DAMAGES to be filed with the Clerk of the Court via the Court's CM/ECF system, which sent an electronic copy of the same to the following counsel of record:

Michael N. Feder
DICKINSON WRIGHT PLLC
8363 West Sunset Road, Suite 200
Las Vegas, NV  89113
mfeder@dickinson-wright.com

Martin D. Holmes
Peter F. Klett
DICKINSON WRIGHT PLLC
Fifth Third Center, Suite 800
424 Church Street
Nashville, TN  37219
mdholmes@dickinsonwright.com
pklett@dickinsonwright.com

DATED this 7th day of September, 2018.

/s/
Karen Torres

CASE NO. 2:18-CV-00979-GMN-VCF _____