Howard E. Cole
State Bar No. 4950
Jennifer K. Hostetler
State Bar No. 11994
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
3993 Howard Hughes Pkwy., Suite 600
Las Vegas, NV  89169-5996
Tel:  702.949.8200
Fax:  702.949.8398
E-mail: hcole@lrrc.com
Email: jhostetler@lrrc.com

Kirstin E. Muller*
California State Bar No. 186373
Alison M. Hamer*
California State Bar No. 258281
Benjamin J. Treger*
California State Bar No. 285283
**HIRSCHFELD KRAEMER LLP**
233 Wilshire Boulevard, Suite 600
Santa Monica, CA  90401
Tel:  310.255.0705
Fax:  310.266.0986
E-mail: kmuller@hkemploymentlaw.com
E-mail: ahamer@hkemploymentlaw.com
E-mail: btreger@hkemploymentlaw.com
*Has complied with LR IA 11-2

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT,

DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL GONZALEZ and JEFFREY HUGHES,<br><br>Plaintiffs,<br><br>vs.<br><br>DIAMOND RESORTS INTERNATIONAL MARKETING, INC., DIAMOND RESORTS INTERNATIONAL, INC., DIAMOND RESORTS CORPORATION, and WEST MAUI RESORTS PARTNERS, L.P.,<br><br>Defendants. | Case No.  2:18-cv-00979-GMN-CWH<br><br>**PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**(SPECIAL SCHEDULING REVIEW REQUESTED)** |

1

1  Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and District of Nevada
2  Local Rule 26-1, Plaintiffs Daniel Gonzalez and Jeffrey Hughes ("Plaintiffs"), and Defendants
3  Diamond Resorts International Marketing, Inc. and West Maui Resorts Partner, L.P.
4  ("Defendants"), through their counsel of record, hereby submit this proposed discovery plan and
5  scheduling order.

6  1.   Fed. R. Civ. P. 26(f) Conference and Report:

7  On October 19, 2018 and October 31, 2018, the parties participated in a telephonic Rule
8  26(f) conference. The participants were Martin Holmes and Peter Klett on behalf of Plaintiffs
9  and Kirstin Muller and Alison Hamer on behalf of Defendants. During the Rule 26(f)
10 conferences, the Parties' counsel discussed the following issues:

11  a.   What changes should be made in the timing, form, or requirement for disclosures
12 under Rule 26(a), including a statement of when initial disclosures were made or will be made?

13  Initial disclosures from all parties are due 21 days after the date of private mediation,
14 which is anticipated to occur no later than March 30, 2019.

15  b.   The subjects on which discovery may be needed, when discovery should be
16 completed, and whether discovery should be conducted in phases or be limited to or focused on
17 particular issues?

18  The parties intend to promptly conduct informal pre-mediation discovery in order to
19 expedite the exchange of necessary information and documents prior to and in aid of mediation.
20 Plaintiffs served Defendants discovery requests on October 31, 2018 and have agreed to stay the
21 time period for Defendants to provide formal responses while the parties engage in an informal
22 exchange of documents and information leading up to mediation. If, at some point, Plaintiffs
23 believe that Defendants should respond to Plaintiffs' Requests for the Production of Documents,
24 Set One, Plaintiffs will so advise Defendants in writing to start the 30-day period for Defendants
25 to serve formal responses and/or objections. The parties intend to conduct discovery on Rule 23
26 class action certification/decertification issues. The parties will also conduct discovery on the
27 claims as set forth in the Complaint and the defenses relevant to the claims in this action.
28

     c.    <u>Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?</u>

None.

     d.    <u>Any issues about claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert these claims after production -- whether to ask the court to include their agreement in the order?</u>

The parties agree that a party who produces a document protected from disclosure by the attorney-client privilege, attorney-work product doctrine or any other recognized privilege ("privileged document") without intending to waive the claim of privilege associated with such document may promptly, meaning within fifteen (15) days after the producing party actually discovers that such inadvertent disclosure occurred, amend its discovery response and notify the other party that such document was inadvertently produced and should have been withheld. Once the producing party provides such notice to the requesting party, the requesting party must promptly, meaning within seventy-two (72) hours, return the specified document(s) and any copies thereof. By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and request an order of the Court denying such privilege. Accordingly, and subject to the protections of FRE 502, the parties request that the Court entertain an order under FRE 502(d), whereby inadvertently disclosing attorney-client privileged or work product information is not deemed a waiver.

     e.    <u>What changes should be made in the limitations on discovery imposed under these rules or by local rules, and what other limitations should be imposed?</u>

None.

     f.    <u>Any other orders that should be issued under Rule 26(c) or under Rule 16(b) and (c)?</u>

None.

///

///

///

CASE NO. 2:18-cv-00979-GMN-CWH

2. <u>District of Nevada Local Rule 26-1</u>:

    a. <u>Statement as to Why Longer or Different Time Periods Should Apply:</u>

The parties seek special scheduling review as a portion of this action has been pled as a Rule 23 class action. Accordingly, the parties seek additional time to conduct discovery because of the class action nature of this litigation and corresponding need to conduct discovery on Rule 23 class issues, including those related to class certification/decertification. In addition, the parties have discussed exploring resolution of the case through private mediation, which they anticipated would take place by March 30, 2019, with an informal exchange of information and documents prior to and in aid of mediation and allowing time for any additional necessary discovery afterwards if mediation is unsuccessful.

    b. <u>Proposed Scheduling Order:</u>

Pursuant to District of Nevada Local Rule 26-1(e), the parties propose the following schedule for the completion of discovery:

    1) <u>Discovery Cut Off Date:</u> **September 27, 2019**, which is 385 days from the date Defendants filed their Answer on September 7, 2018.

    2) <u>Amending the Pleadings and Adding Parties:</u> **June 29, 2019**, which is 90 days before the discovery cut-off date.

    3) <u>Experts:</u> **July 29, 2019**, which is 60 days before the discovery cut-off date. Rebuttal expert disclosures should be served by **August 28, 2019**, which is 30 days after the deadline for serving initial expert disclosures.

    4) <u>Dispositive Motions:</u> **October 27, 2019**, which is 30 days after the discovery cut-off date.

    5) <u>Joint Pretrial Order:</u> **December 11, 2019**, which is 45 days after the deadline for filing dispositive motions. In the event dispositive motions are filed, the date for filing the joint pretrial order should be suspended until thirty (45) days after decision on the dispositive motions or further order of the Court.

    6) <u>Pretrial Disclosures:</u> Unless the Court orders otherwise, the disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections thereto should be included in the pretrial order.

1    7)    Interim Status Report: **November 26, 2019**, which is 60 days before the discovery cut-off date.

2    8)    Motion for Rule 23 Class Certification: Plaintiff shall file a motion seeking Rule 23 class certification by **July 29, 2019**, which is 60 days before the discovery cut-off date.

3    9)    Motion for FLSA Conditional Certification: If Defendants are not agreeable to entry of a stipulation tolling the running of the statute of limitations applicable to FLSA claims, which are not tolled with the filing of the Complaint, Plaintiffs may file a motion seeking conditional certification of the FLSA claims at any time, but no later than **April 30, 2019**.

3.    Calculation of Time: Fed. R. Civ. P. 6(a) shall apply to the deadlines set forth in this Order.

4.    Alternative Dispute Resolution: Pursuant to LR 26-1(b)(7), by filing this proposed discovery plan and scheduling order, the parties hereby certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation.

5.    Alternative Form of Case Disposition: Pursuant to LR 26-1(b)(8), by filing this proposed discovery plan and scheduling order, the parties hereby certify that they met and conferred, and considered consent to trial by judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program, and do not consent thereto.

6.    Electronic Evidence Certification: Pursuant to LR 26-1(b)(9), by filing this proposed discovery plan and scheduling order, the parties hereby certify that they met and conferred regarding whether they intend to present evidence in electronic format to jurors for purposes of jury deliberations. The parties have not reached any stipulations regarding the same.

7.    Extension of Scheduled Deadlines: Pursuant to District of Nevada Local Rule 26-4, all motions or stipulations to extend any of the deadlines set forth herein should be filed with the

/ / /

/ / /

/ / /

/ / /

court no later than twenty-one (21) days before the expiration of the deadline for which an extension is sought.

IT IS SO STIPULATED this 2nd day of November 2018:

| DICKINSON WRIGHT PLLC | LEWIS ROCA ROTHGERBER CHRISTIE LLP |
|---|---|
| /s/ Martin D. Holmes<br>MICHAEL N. FEDER<br>Nevada Bar No. 7332<br>8363 West Sunset Road, Suite 200<br>Las Vegas, NV 89113<br><br>MARTIN D. HOLMES<br>(*Admitted Pro Hac Vice*)<br>Tennessee Bar No. 012122<br>PETER F. KLETT<br>(*Admitted Pro Hac Vice*)<br>Tennessee Bar No. 012688<br>Fifth Third Center, Suite 800<br>424 Church Street<br>Nashville, TN 37219<br><br>*Attorneys for Plaintiffs, Putative Collective Class Members and Putative Hawaii Class Members* | /s/ Alison M. Hamer<br>HOWARD E. COLE<br>Nevada Bar No. 4950<br>JENNIFER K. HOSTETLER<br>Nevada Bar No. 11994<br>3993 Howard Hughes Pkwy, Suite 600<br>Las Vegas, NV 89169-5996<br><br>KIRSTIN E. MULLER<br>(*Admitted Pro Hac Vice*)<br>California Bar No. 186373<br>ALISON M. HAMER<br>(*Admitted Pro Hac Vice*)<br>California Bar No. 258281<br>BENJAMIN J. TREGER<br>(*Admitted Pro Hac Vice*)<br>California Bar No. 285283<br>Hirschfeld Kramer LLP<br>233 Wilshire Boulevard, Suite 600<br>Santa Monica, California 90401<br><br>*Attorneys for Defendants* |

IT IS SO ORDERED:

_____
CARL W. HOFFMAN
United States Magistrate Judge

DATED: November 5, 2018

# CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2018, I caused a true and accurate copy of the foregoing, **PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER** to be filed with the Clerk of the Court via the Court's CM/ECF system, which sent an electronic copy of the same to the following counsel of record:

| | |
|---|---|
| Michael N. Feder<br>DICKINSON WRIGHT PLLC<br>8363 West Sunset Road, Suite 200<br>Las Vegas, NV  89113<br>Phone: (702) 550-4440<br>Fax: (844) 670-6009<br>Email: mfeder@dickinson-wright.com | Martin D. Holmes<br>Peter F. Klett<br>DICKINSON WRIGHT PLLC<br>Fifth Third Center, Suite 800<br>424 Church Street<br>Nashville, TN  37219<br>Phone: (615) 244-6538<br>Fax: (844) 670-6009<br>Email: mdholmes@dickinsonwright.com<br>Email: pklett@dickinsonwright.com |

Howard E. Cole
Jennifer K. Hostetler
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Pkwy., Ste. 600
Las Vegas, NV  89169-5996
Phone: (702) 949-8200
Fax: (702) 949-8398
Email: hcole@lrrc.com; jhostetler@lrrc.com

Dated this 2nd day of November, 2018.

/s/ Karen Torres

1