1  Howard E. Cole
   State Bar No. 4950
2  Jennifer K. Hostetler
   State Bar No. 11994
3  **LEWIS ROCA ROTHGERBER CHRISTIE LLP**
   3993 Howard Hughes Pkwy., Suite 600
4  Las Vegas, NV  89169-5996
   Tel:  702.949.8200
5  Fax:  702.949.8398
   E-mail: hcole@lrrc.com
6  Email: jhostetler@lrrc.com

7  Kirstin E. Muller*
   California State Bar No. 186373
8  Alison M. Hamer*
   California State Bar No. 258281
9  Benjamin J. Treger*
   California State Bar No. 285283
10 **HIRSCHFELD KRAEMER LLP**
   233 Wilshire Boulevard, Suite 600
11 Santa Monica, CA  90401
   Tel:  310.255.0705
12 Fax:  310.266.0986
   E-mail: kmuller@hkemploymentlaw.com
13 E-mail: ahamer@hkemploymentlaw.com
   E-mail: btreger@hkemploymentlaw.com
14 *Has complied with LR IA 11-2

15 *Attorneys for Defendants*

16                    UNITED STATES DISTRICT COURT,

17                         DISTRICT OF NEVADA

18

19 DANIEL GONZALEZ and JEFFREY          Case No.  2:18-cv-00979-APG-CWH
   HUGHES,
20                                       **STIPULATED PROTECTIVE ORDER**
                   Plaintiffs,
21
   vs.
22
   DIAMOND RESORTS
23 INTERNATIONAL MARKETING, INC.,
   DIAMOND RESORTS
24 INTERNATIONAL, INC., DIAMOND
   RESORTS CORPORATION, and WEST
25 MAUI RESORTS PARTNERS, L.P.,

26                 Defendants.

27

28
                                        1
   CASE NO. 2:19-CV-00022-APG-CWH
   STIPULATED PROTECTIVE ORDER                              4835-1650-8061

All parties, Plaintiffs Daniel Gonzalez and Jeffrey Hughes ("Plaintiffs"), and Defendants Diamond Resorts International Marketing, Inc. and West Maui Resorts Partners, L.P. ("Defendants") (collectively "the Parties"), stipulate to the following terms regarding a Protective Order of confidentiality and request that the Court enter a corresponding order:

1.      Any party or non-party may designate as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" (by stamping the relevant page or other otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information involving third parties, trade secrets, or confidential business or financial information, subject to protection under the Federal Rules of Civil Procedure or Nevada law ("Confidential Information"). Where a document or response consists of more than one page, the first page and each page on which Confidential Information appears shall be so designated.

2.      Any party to this litigation (or any non-party served with a subpoena duces tecum by a party) that produces or discloses any discovery material that the producing person believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY."

CONFIDENTIAL — The producing person may designate the following discovery material as CONFIDENTIAL: sensitive, confidential, or proprietary technical, business, or financial information that gains value from not being generally known or the disclosure of which would harm the business or reputation of the producing person, or other information that the producing person reasonably believes is confidential or otherwise qualifies for protection under Federal Rule of Civil Procedure 26(c).

ATTORNEY'S EYES ONLY — The producing person may designate the following discovery material as ATTORNEY'S EYES ONLY: sensitive, confidential, or proprietary technical, business, or financial information that the producing person reasonably believes will result in irreparable harm if competitors, the general public, or anyone other than the receiving person has access to it. Examples of such discovery material are trade secrets, highly confidential business information, and proprietary personnel information.

3.      A party or non-party may designate information disclosed in response to informal or written discovery or during a deposition as CONFIDENTIAL or ATTORNEY'S EYES ONLY by so indicating in said response or on the record at the deposition and requesting the preparation of a separate transcript of such material.  Additionally, a party or non-party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific responses and/or specific pages of the transcript be treated as CONFIDENTIAL or ATTORNEY'S EYES ONLY information.  Any other party may object to such proposal, in writing or on the record.  Frivolous objections, and those made for an improper purpose (e.g., to harass or impose unnecessary expense or burden on another party) may expose the objecting party to sanctions.  Upon such objection, the Parties shall follow the procedures described in Paragraph 10 below.  After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in Paragraph 9 below, and counsel for all Parties shall be responsible for making all previously unmarked copies of the designated material in their possession or control with the specified designation.

4.      All information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or Parties to whom the information is produced solely for the purposes of preparing for, conducting, participating in the conducting of, and/or prosecuting and/or defending this case and for no other purpose, including, without limitation, the prohibited purpose of disclosing any information marked as CONFIDENTIAL or ATTORNEY'S EYES ONLY for any legal, business, competitive or other purpose whatsoever.

5.      Except with the prior written consent of all Parties, or upon prior order of this Court obtained upon notice to opposing counsel, ATTORNEY'S EYES ONLY information shall not be disclosed to any person other than:

(a)      counsel for the respective Parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

(b)      employees of such counsel;

3

1    (c)    consultants or expert witnesses retained for the prosecution or defense of

2  this litigation, provided that each such person shall execute a copy of the Certification annexed to

3  this Order as Exhibit "A" (which shall be retained by counsel to the party so disclosing the

4  ATTORNEY'S EYES ONLY information and made available for inspection by opposing counsel

5  after the termination of the action only upon good cause shown and upon Order of the Court)

6  before being shown or given any ATTORNEY'S EYES ONLY information;

7    (d)    any authors or original recipients of the Confidential Information;

8    (e)    the Court, Court personnel, and court reporters;

9    (f)    any witnesses and attorneys for witnesses, as to whom the Parties mutually

10  agree in writing.  A witness shall sign the Certification before being shown a confidential

11  document.  Confidential Information may be disclosed to a witness who will not sign the

12  Certification only in a deposition at which the party who designated the Confidential Information

13  is represented or has been given notice that Confidential Information shall be designated

14  CONFIDENTIAL pursuant to Paragraph 2 above.  Witnesses shown Confidential Information

15  shall not be allowed to retain copies; and

16    (g)    any mediator or settlement officer, and their supporting personnel, who the

17  Parties retain.

18    6.    Except with the prior written consent of the Parties, or upon prior order of this Court

19  obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any

20  person other than:

21    (a)    individual defendants, class representatives, any officer or employee of a

22  party, to the extent deemed necessary by Counsel for the prosecution or defense of this litigation;

23    (b)    Counsel for the respective Parties to this litigation, including in-house

24  counsel and co-counsel retained for this litigation;

25    (c)    employees of such counsel;

26    (d)    technical personnel of the Parties with whom counsel for the Parties find it

27  necessary to consult, in the discretion of such counsel, in preparation for trial of this action;

28

4

1        (e)      stenographic and clerical employees associated with the individuals

2 identified above;

3        (f)      consultants or expert witnesses retained for the prosecution or defense of

4 this litigation, provided that each such person shall execute a copy of the Certification annexed to

5 this Order as Exhibit "A" (which shall be retained by Counsel to the party so disclosing the

6 Confidential Information and made available for inspection by opposing counsel after the

7 termination of the action upon request) before being shown or given any Confidential Information;

8        (g)      any authors or recipients of the Confidential Information;

9        (h)      the Court, Court personnel, and court reporters;

10        (i)      any witnesses and attorneys for witnesses.  A witness shall sign the

11 Certification before being shown Confidential Information.  Confidential Information may be

12 disclosed to a witness who will not sign the Certification only in a deposition at which the party

13 who designated the Confidential Information is represented or has been given notice that

14 Confidential Information shall be designated CONFIDENTIAL pursuant to Paragraph 2 above.

15 Witnesses shown Confidential Information shall not be allowed to retain copies; and

16        (j)      any mediator or settlement officer, and their supporting personnel, who the

17 Parties retain.

18      7.     Any persons receiving CONFIDENTIAL or ATTORNEY'S EYES ONLY

19 information shall not reveal or discuss such information to or with any person who is not entitled

20 to receive such information, except as set forth herein.

21      8.     Any party that seeks to file any CONFIDENTIAL or ATTORNEY'S EYES ONLY

22 information with the Court must comply with Local Rule IA 10-5.  Unless otherwise permitted by

23 statute, rule or prior court order, papers filed with the Court under seal shall be accompanied by a

24 contemporaneous motion for leave to file those documents under seal, and shall be filed and served

25 in accordance with Local Rule IA 10-5.  All papers filed under seal will remain sealed until the

26 court either denies the motion to seal or enters an order unsealing them.  Notwithstanding any

27 agreement among the Parties, the party seeking to file a paper under seal bears the burden of

28 overcoming the presumption in favor of public access to papers filed in court. *Kamakana v. City*

*and County of Honolulu*, 447 F.2d 1172 (9th Cir. 2006); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010).  In response, a party may, if it chooses, provide additional facts demonstrating good cause (or compelling reasons) to overcome the presumption in favor of public access to papers filed in court.  *Id.*

9.     A party may designate as CONFIDENTIAL or ATTORNEY'S EYES ONLY documents or discovery materials produced by a non-party by providing written notice to all Parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials.  Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as CONFIDENTIAL, although a document may lose its confidential status if it is made public.

10.     If a party contends that any material is not entitled to CONFIDENTIAL or ATTORNEY'S EYES ONLY treatment, such party may at any time give written notice to the party or non-party who designated the material.  The party or non-party who designated the material shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as CONFIDENTIAL.  The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

11.     Notwithstanding any challenge to the designation of material as CONFIDENTIAL or ATTORNEY'S EYES ONLY information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a)     the party or non-party claims that the material is CONFIDENTIAL or ATTORNEY'S EYES ONLY information withdraws such designation in writing; or

(b)     the party or non-party who claims that the material is CONFIDENTIAL or ATTORNEY'S EYES ONLY information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

(c)     the Court rules the material is not confidential.

12.     All provisions of this Order restricting the communication or use of CONFIDENTIAL or ATTORNEY'S EYES ONLY information shall continue to be binding after

6

the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of CONFIDENTIAL or ATTORNEY'S EYES ONLY information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed. Counsel for the Parties are entitled to retain one archival copy of Confidential Information for their files.

13. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

14. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

15. Any witness or other person, firm or entity from whom or which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the Parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

16. Any violation of this Order may be punished by any and all appropriate measures, including, without limitation, contempt proceedings and/or monetary sanctions.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

17.     The Parties intend for this Stipulated Protective Order to be binding and enforceable against them beginning at the time it is executed by their counsel even though it may not yet be ordered by the Court.

IT IS SO STIPULATED this 22nd day of July 2019:

DICKINSON WRIGHT PLLC                    LEWIS ROCA ROTHGERBER CHRISTIE LLP


  /s/ Martin D. Holmes                            /s/ Alison M. Hamer
MICHAEL N. FEDER                         HOWARD E. COLE
Nevada Bar No. 7332                       Nevada Bar No. 4950
8363 West Sunset Road, Suite 200          JENNIFER K. HOSTETLER
Las Vegas, NV 89113                       Nevada Bar No. 11994
                                          3993 Howard Hughes Pkwy, Suite 600
MARTIN D. HOLMES                         Las Vegas, NV 89169-5996
(*Admitted Pro Hac Vice*)
Tennessee Bar No. 012122                  KIRSTIN E. MULLER
PETER F. KLETT                           (*Admitted Pro Hac Vice*)
(*Admitted Pro Hac Vice*)                 California Bar No. 186373
Tennessee Bar No. 012688                  ALISON M. HAMER
Fifth Third Center, Suite 800             (*Admitted Pro Hac Vice*)
424 Church Street                         California Bar No. 258281
Nashville, TN 37219                       BENJAMIN J. TREGER
                                          (*Admitted Pro Hac Vice*)
*Attorneys for Plaintiffs, Putative Collective*    California Bar No. 285283
*Class Members and Putative Hawaii Class*          Hirschfeld Kramer LLP
*Members*                                 233 Wilshire Boulevard, Suite 600
                                          Santa Monica, California 90401

                                          *Attorneys for Defendants*

                                          **ORDER**


        IT IS SO ORDERED:


                                          _____
                                          CARL W. HOFFMAN
                                          United States Magistrate Judge

                                          DATED:_____

CASE NO. 2:19-CV-00979-APG-CWH
STIPULATED PROTECTIVE ORDER

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIEL GONZALEZ and JEFFREY HUGHES, | CASE NO.:  2:18-CV-00979-APG-CWH |
| Plaintiffs, | |
| vs. | |
| DIAMOND RESORTS INTERNATIONAL MARKETING, INC., DIAMOND RESORTS INTERNATIONAL, INC., DIAMOND RESORTS CORPORATION, and WEST MAUI RESORTS PARTNERS, L.P., | |
| Defendants. | |

AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

I, _____, declare and say that:

1.    I am employed as _____ by _____.

2.    I have read the Stipulated Protective Order (the "Order") entered in *Gonzalez, et al. v. Diamond Resorts International Marketing, Inc., et al.*, and have received a copy of the Order.

3.    I promise that I will use any and all CONFIDENTIAL or ATTORNEY'S EYES ONLY information, as defined in the Order, given to me only in a manner authorized by the Order, and only to assist Counsel in the litigation of this matter.

4.    I promise that I will not disclose or discuss such CONFIDENTIAL or ATTORNEY'S EYES ONLY information with anyone other than the persons described in Paragraphs 5 and 6 of the Order.

5.    I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the District of Nevada with respect to the enforcement of the Order.

1

6.      I understand that any disclosure or use of CONFIDENTIAL or ATTORNEY'S EYES ONLY information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

7.      I will return all CONFIDENTIAL or ATTORNEY'S EYES ONLY Discovery Material (as defined in the Order) to the attorney who provided it to me, upon request of that attorney, and I shall not retain any copies of said Discovery Material or any information contained within CONFIDENTIAL or ATTORNEY'S EYES ONLY Discovery Material.

I declare under penalty of perjury that the foregoing is true and correct.


Date: _____   _____
                                                      [Printed Name]

CASE NO. 2:19-CV-00022-APG-CWH
STIPULATED PROTECTIVE ORDER

**CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2019, I caused a true and accurate copy of the foregoing,

**STIPULATED PROTECTIVE ORDER** to be filed with the Clerk of the Court via the Court's

CM/ECF system, which sent an electronic copy of the same to the following counsel of record:

Michael N. Feder
DICKINSON WRIGHT PLLC
8363 West Sunset Road, Suite 200
Las Vegas, NV  89113
Phone: (702) 550-4440
Fax: (844) 670-6009
Email: mfeder@dickinson-wright.com

Martin D. Holmes
Peter F. Klett
DICKINSON WRIGHT PLLC
Fifth Third Center, Suite 800
424 Church Street
Nashville, TN  37219
Phone: (615) 244-6538
Fax: (844) 670-6009
Email: mdholmes@dickinsonwright.com
Email: pklett@dickinsonwright.com

Howard E. Cole
Jennifer K. Hostetler
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Pkwy., Ste. 600
Las Vegas, NV  89169-5996
Phone: (702) 949-8200
Fax: (702) 949-8398
Email: hcole@lrrc.com; jhostetler@lrrc.com

Dated this 22nd day of July, 2019.

/s/ Karen Torres

3

CASE NO. 2:19-CV-00022-APG-CWH
STIPULATED PROTECTIVE ORDER