# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DANIEL GONZALEZ, et al., | Case No. 2:18-cv-00979-APG-CWH |
| Plaintiffs, | **ORDER** |
| v. | |
| DIAMOND RESORTS INTERNATIONAL MARKETING, INC., | |
| Defendant. | |

Presently before the court is plaintiffs Daniel Gonzalez and Jeffrey Hughes' motion for conditional certification as a collective action (ECF Nos. 43, 44), filed on February 26, 2019. Defendants Diamond Resorts International Marketing, Inc. and West Maui Resorts Partners, L.P. filed a response (ECF No. 46) on March 12, 2019. Plaintiffs filed a reply (ECF No. 47) on March 19, 2019.

## I.  BACKGROUND

This Fair Labor Standards Act collective action arises from allegations by former and current sales-representatives who worked on-site at defendants' resorts. (Compl. (ECF No. 1).) Plaintiffs allege that defendants unlawfully paid non-exempt employees overtime based upon the regular rate of pay, rather than total amount of earnings, including any bonuses or commission. (*Id.*) Plaintiffs now move to 1) conditionally certify this case to proceed as collective action, 2) require defendants to produce contact information for sales representatives during this time period, 3) require that defendants internally post notice to all putative class members, 4) require defendants to mail and email all putative class members, 5) and to toll the statute of limitations. (Mot. for Conditional Certification (ECF Nos. 43, 44).) Defendants respond that the motion should be denied as plaintiffs have failed to demonstrate that conditional certification is

warranted. (Resp. (ECF No. 46).) Plaintiffs reply that they have met their burden in establishing that they are similarly situated to the other sales representatives. (Reply (ECF No. 47).)

## II. CONDITIONAL CERTIFICATION

Plaintiff moves for conditional certification of the putative class. Under Section 216(b) of the FLSA, an employee may bring a collective action "[o]n behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Additionally, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.* Section 216(b) does not require the district court to authorize notice to potential plaintiffs, but it is within the court's discretion to issue such authorization. *See McElmurry v. U.S. Bank Nat. Ass'n*, 495 F.3d 1136, 1139 (9th Cir. 2007). The court must determine whether the proposed lead plaintiffs and the proposed class action are similarly situated. *See Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996) ("plaintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members." (internal quotations omitted)). The statute does not define similarly situated, nor has the Ninth Circuit interpreted the term. *See Heath v. Google LLC*, 345 F. Supp. 3d 1152, 1164 (N.D. Cal. 2018). Nonetheless, courts in this circuit use a two-stage approach, which includes "initial notice to prospective plaintiffs followed by a final evaluation whether such plaintiffs are similarly situated." *See e.g., Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 466 (N.D. Cal. 2004); *see also Dualan v. Jacob Transportation Servs.*, LLC, 172 F. Supp. 3d 1138, 1143-44 (D. Nev. 2016).

In the first stage, the court "applies a fairly lenient standard and typically grants conditional class certification," because the determination is made prior to the close of the discovery and is based on limited evidence. *Misra v. Decision One Mortg. Co., LLC*, 673 F. Supp. 2d 987, 993 (C.D. Cal. 2008). "Plaintiff[s] need only make 'modest factual showing sufficient to demonstrate that [they] and potential plaintiffs together were victims of a common policy or plan that violated the law.'" *Id.* (quoting *Realite v. Ark Rests. Corp.*, 7 F. Supp 2d 303, 306 (S.D.N.Y. 1998)). If the court conditionally certifies the class, then putative class members are given notice and the opportunity to opt-in. *Id.* District courts are also authorized to monitor

the "preparation and distribution" of notice to putative class members upon the certification of the collective action in the notice stage. *See Hoffman–La Roche v. Sperling*, 493 U.S. 165, 172 (1989).

The second stage occurs following the end of discovery, where the court uses a stricter standard to assess the scope of the class. *Leuthold*, 224 F.R.D. at 467. The court reviews the following factors at this stage: "(1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendants with respect to the individual plaintiffs; and (3) fairness and procedural considerations." *Id.*

Here, plaintiff moves for conditional certification, arguing that they are similarly situated to the putative class members because all were classified as non-exempt sales representatives and subjected to defendants' unlawful policies of computing overtime pay on the hourly wage excluding bonuses and commission. Defendants argue that plaintiffs have failed to demonstrate that they are similarly situated to a well-defined group, as defendants do not employ anyone in the "sales representative" position. Defendants further contend that plaintiffs offer only mere assertions to support allegations regarding an unlawful pay scheme. In reply to defendants' arguments, plaintiffs contend that sales representatives are technically titled "Vacation Counselors," but that defendants have commonly referred to employees serving in this capacity as sales representatives.

The court finds that the first-stage analysis governs this case, as the action is in the early stages of litigation. The court notes that although discovery began in November 2018, this motion was filed in February of 2019, and that two months of discovery still remain. (*See* Scheduling Order (ECF No. 38).) It is therefore appropriate for the court to apply the lenient standard that requires a modest showing that the putative class action members were victims of a common policy or plan. *See Misra*, 673 F. Supp. 2d at 993.

Having applied such a standard, the court finds that plaintiffs have made the requisite showing that they are similarly situated to the putative class members for the limited purpose of conditional certification. Plaintiffs provide declarations alleging that they, and other non-exempt sales representatives, were paid on a commission and bonus basis with an hourly minimum wage

advance.[1] (*See* Decl. Daniel Gonzalez (ECF No. 43-3) at 3; Decl. Jeffrey Hughes (ECF No. 43-4) at 3.) Plaintiffs also declare that they, and other non-exempt sales representatives, worked more than 40 hours a week and were not paid overtime wages based on the total amount of compensation for the workweek, including any commission or bonus earnings. (*See* Decl. Daniel Gonzalez (ECF No. 43-3) at 3; Decl. Jeffrey Hughes (ECF No. 43-4) at 3.) Further, plaintiffs have demonstrated that the practice was company-wide, as defendants have failed to oppose plaintiffs' contention.

As support for those declarations, plaintiffs provide pay stubs depicting instances where they worked overtime hours during certain pay periods, but were nevertheless paid overtime based upon the hourly minimum wage rate of pay rather than the total amount of compensation including commissions or bonuses. (*See* Decl. Daniel Gonzalez (ECF No. 43-3) at 3; Decl. Jeffrey Hughes (ECF No. 43-4) at 4; Compl. (ECF Nos. 1-3, 1-4).) Plaintiffs then declare that other sales representatives share the same job duties of marketing and selling ownership interests in defendants' properties, and that all defendants' properties share a common structure. (*See* Decl. Daniel Gonzalez (ECF No. 43-3) at 2-3; Decl. Jeffrey Hughes (ECF No. 43-4) at 2-3.)

Lastly, while plaintiffs refer to the job title for the putative class members as "Sales Representatives," rather than the technical term of "Vacation Counselors," the court still finds that plaintiff have identified a tenable class because of the duties and responsibilities associated with the position. However, given that plaintiffs concede the technical term of the position, the court finds it necessary for plaintiffs to modify the collective class definition to include "Vacation Counselors." Plaintiffs are also ordered to modify their proposed notice and consent form to include "Vacation Counselors."

---

[1] Defendants argue that plaintiffs lack personal knowledge of the statements made in the declarations and that the declarations are inadmissible. Another court in this district adopted the principles in *White v. MPW Industrial Services, Inc.*, stating that "affidavits or other evidence submitted in support of a motion for conditional certification are not required to meet the admissibility standard set forth in Fed. R. Civ. P. 56(e)." *Pittman v. Westgate Planet Hollywood Las Vegas, LLC*, No. 2:09-cv-00878-PMP-GWF, 2009 WL 10693400, at *8 (D. Nev. Sept. 1, 2009) (citing *White v. MPW Industrial Services, Inc.*, 236 F.R.D. 363, 368 (E.D. Tenn. 2006)). Further, personal knowledge may be inferred based on "what the affiant would have probably learned during the normal course of employment." *Id.* The court adopts this reasoning in accepting the declarations provided by plaintiffs.

## III. CONTACT INFORMATION FOR PUTATIVE CLASS MEMBERS

Plaintiffs next request an order requiring defendants to provide contact information for the putative class members employed from May 29, 2015 through the present within 10 days, in order to effectuate notice. Defendants do not oppose plaintiffs' request for a list of contact information for putative class members, but request that the contact information be submitted to a third-party administrator.[2] Defendants' failure to contest the request for the contact information constitutes consent to granting plaintiffs' motion on this issue. *See* LR 7-2(d). As for the issue of the third-party administrator, defendants argue that a third-party administrator is better equipped to handle the sensitive information. Having reviewed the docket, it appears that the parties have stipulated to a protective order. (*See* Joint Mot. for Protective Order (ECF No. 48); Order (ECF No. 49).) The protective order should suffice in ensuring the protection of the information. Therefore, the court grants the request for the production of the contact information for putative class members.

## IV. CONSENT FORM

Because the court has granted conditional certification, the court must now evaluate plaintiffs' proposed notice and consent form. Once a collective action is conditionally certified, the court may authorize plaintiffs' request to send notice to potential plaintiffs, and the court may set a deadline for potential plaintiffs to opt-in to the lawsuit. *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1064 (9th Cir. 2000). In issuing notices to putative class members, the court "must take care to avoid even the appearance of judicial endorsement of the merits of the action." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989).

Plaintiffs have provided the court with a proposed notice and consent form. (*See* ECF No. 43-1.) Defendants request that the court reject the proposed notice and consent form, arguing that the form lacks judicial neutrality and that the language referencing plaintiffs' counsel's contingency fee should be omitted. Defendants further request that the court order plaintiff to include information regarding the contingency fee percentage agreed upon by plaintiffs and their

---

[2] While defendants do not contest this request, defendants argue that certain putative class members should not receive notice and contest the manner in which notice should be given. The court will address those issues in turn.

counsel. Plaintiff replies that that the notice is sufficiently neutral because it provides language that the court has taken no position in this case.

Having reviewed the proposed notice, the court finds that some of the language in the notice creates the appearance of a judicial endorsement. Here, the notice states in bold font that:

> THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE FEDERAL DISTRICT COURT, THE HONORABLE ANDREW P. GORDON, FEDERAL DISTRICT COURT JUDGE. THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF THE PLAINTIFFS' CLAIMS OR OF DEFENDANTS' DEFENSES.

(Mot. for Conditional Certification (ECF No. 43-1) at 7.) Plaintiffs are instructed to delete the first sentence of the above quoted section, to avoid the appearance of partiality by the court.

As for the issue of the contingency fee stated in section 5 of the proposed notice[3], the court finds that plaintiffs must amend the notice to include the percentage of the fee that plaintiffs agreed to pay their counsel and how that fee will be calculated. *See Dualan v. Jacob Transportation Servs., LLC*, 172 F. Supp. 3d 1138, 1151 (D. Nev. 2016). Further, Plaintiffs are not required to amend the notice to exclude reference to plaintiffs as the "class representatives." Defendants properly argue that collective actions are mass actions where the workers act as a collective without a specific representative who controls the litigation. *See Campbell v. City of*

---

[3] The notice currently states:

> If you choose to join this suit, you will be bound by any judgment entered, although you cannot be required to pay Defendants' attorney's fees whether Plaintiffs win or lose this suit. While this suit is proceeding, you may be required to respond to written questions, sit for depositions, and/or testify in court.
>
> The attorneys for Plaintiffs are being paid on a contingency fee basis, which means that if there is no recovery, there will be no attorney's fee. If there is a recovery, the attorneys for the Class will receive a part of any settlement obtained or money judgment entered in favor of all members of the Class.
>
> By joining this lawsuit, you designate the named Plaintiffs (the Class Representatives) as your agents to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into by the Representative Plaintiffs or Class Representatives will be binding on you if you join this lawsuit.

(Mot. for Conditional Certification (ECF No. 43-1) at 5-6.)

*Los Angeles*, 903 F.3d 1090, 1105 (9th Cir. 2017).  However, the Ninth Circuit in *Campbell v. City of Los Angeles* also stated that workers in a collective action may separately agree to the designation of a class representative.  *Id.* ("A collective action is more accurately described as a kind of mass action, in which aggrieved workers act as a collective of *individual* plaintiffs with *individual* cases—capitalizing on efficiencies of scale, but without necessarily permitting a specific, named representative to control the litigation, except as the workers may separately so agree.") (emphasis in original).  Here, the proposed notice states that "[b]y joining this lawsuit, you designate the named Plaintiffs (the Class Representatives) as your agents to make decisions on your behalf concerning the litigation . . . ." (Mot. for Conditional Certification (ECF No. 43-1) at 5-6.)  Plaintiffs have crafted the notice in a manner that permits potential opt-in plaintiffs to agree to the designation, in accordance with *Campbell*.  As such, plaintiffs are not required to omit the information.  Plaintiffs must, however, omit any reference to the website, as plaintiffs have not presented the court with any information regarding the contents of the website nor the consent form to be displayed on the website.

Lastly, the court does have one concern regarding the proposed notice form as it pertains to those that are subject to an arbitration agreement and those who have potentially released the claims at issue in this dispute.  Defendants raise this issue and argue that certain putative members are not entitled to notice.  Specifically, defendants argue that the following groups should not receive notice: employees subject to an arbitration agreement, employees who have released claims in the California Wage and Hour case,[4] and those employed more than two-years before the notice issue date.  Plaintiffs argue that defendants' arguments fail at this stage, as they require an assessment of the validity of the arbitration agreement and the release of claims.  Plaintiffs also argue that any factual determinations of the scope of the collective action is appropriate for the second stage, and that the jury decides which statute of limitations period applies.  The court finds plaintiffs' arguments persuasive for the following reasons.

---

[4] Plaintiffs and defendants make reference to Case No. RIC1510389 pending before the 4th Appellate Division in California state court.  No further information regarding the claims at issue in that case were provided.

In support of their argument regarding the arbitration agreement, defendants cite to a recently issued Fifth Circuit case where the court concludes that district courts do not have discretion to require notice of a pending FLSA collective action to an employee subject to a binding arbitration agreement. *See In re JPMorgan Chase & Co.*, 916 F.3d 494, 504 (5th Cir. 2019). The court has reviewed the Fifth Circuit opinion and declines to adopt the court's reasoning. Withholding notice because of the existence of an arbitration agreement presupposes the enforceability of the agreement. Further, the validity of the arbitration agreement is not an issue before this court. Lastly, the existence of an arbitration agreement goes to an aspect of defendants' defense, and the enforceability of such an agreement is better reserved for stage two. *See Conde v. Open Door Mktg., LLC*, 223 F. Supp. 3d 949, 969 (N.D. Cal. 2017) ("[T]he fact that there is an arbitration agreement goes to Defendants' defenses, not the common policy. Thus, the enforceability of the arbitration agreements is better reserved for the step two determination, not step one."); *see also Romero v. La Revise Assocs., L.L.C.*, 968 F. Supp. 2d 639, 647 (S.D.N.Y. 2013) ("[D]efendants' proposal essentially amounts to an invitation for the Court to adjudicate the validity of the arbitration agreements. But ... this sort of merits-based determination should not take place at the first stage of the conditional collective action approval process.").

While the court declines to evaluate the enforceability of the arbitration agreement or to evaluate the alleged release of claims, the court finds it reasonable for plaintiffs to include language that discusses how the arbitration agreement and a release of claims may potentially affect opt-in plaintiffs. *See Greene v. Omni Limousine, Inc.*, No. 2:18-cv-01760-GMN-VCF, 2019 WL 2503950, at *6 (D. Nev. June 15, 2019) (where the courted order plaintiffs to include provisions about the arbitration agreement, because it would assist potential plaintiffs in making an informed decision). As for the statute of limitations argument raised by defendants, that determination is also one that is better left for the second stage and, if necessary, the jury.

Plaintiffs are instructed to make all necessary changes consistent with this order, and to meet and confer with defendants' counsel prior to resubmitting an amended proposed notice and consent form. An amended prosed notice and consent form must be submitted to the court within 30 days from the date of this order.

1  V.    NOTICE PERIOD

2       Next, plaintiffs request the court to approve a 90-day opt-in period. Defendants object to

3  the period, arguing that courts in this district have routinely approved 60 days for plaintiffs to

4  respond. The court finds that a 90-day period is reasonable, as it provided recipients of the notice

5  sufficient time to consider their options and to determine whether they may opt-in, given the

6  issues regarding the arbitration agreement and a potential release of claims. The 90-day period is

7  also consistent with the notice time routinely granted in this circuit. See *Dulan*, *see also Benedict*

8  *v. Hewlett–Packard Co.*, No. 13-CV-00119-LHK, 2014 WL 587135, at *13, 15 (N.D. Cal. Feb.

9  13, 2014) (collecting cases). The 90 days will begin on the date that the notice is mailed.

10 VI.   MANNER OF SERVICE

11      Plaintiffs next contend that the notice and consent form should 1) be sent by plaintiffs'

12 counsel via mail and email, 2) be posted by defendants on-site at all locations, and 3) be enclosed

13 with the next-regularly scheduled paycheck for currently employed potential opt-in plaintiffs.

14 Lastly, plaintiffs request that they be permitted to send a mail and email reminder. Defendants

15 object to plaintiffs' request for multiple delivery methods, arguing that plaintiffs have failed to

16 present a need or a compelling reason to justify a reminder notice.

17      The court grants plaintiffs' request to contact putative class members by mail and by

18 email. Mail is permitted, as it is the preferred method for class certification notice. *See Pittman*,

19 2009 WL 10693400, at *10. The court finds it reasonable to permit electronic notice, as it "is an

20 efficient and inexpensive method for providing notice where the intended recipients have

21 reasonably accessible email addresses." *Id.* The court declines to order defendants to post the

22 notice on-site at all locations, as plaintiffs have not demonstrated a need for this manner of

23 service. Further, notice in this manner will cause confusion as it will be seen by those who are

24 not in the proposed class and increase the likelihood of ineligible plaintiffs attempting to opt-in.

25 The court also does not find it necessary to require defendants to distribute the notice with a

26 regularly scheduled paycheck, as this method is redundant to the mailing of the notice. Lastly,

27 the court finds it reasonable to permit plaintiffs to send a proposed reminder postcard and email to

28 putative class members who have not joined the action within the first 45 days. Plaintiffs must

submit an amended proposed postcard and email reminder that is consistent with this order, no later than 30 days from the date of this order.

## VII. EQUITABLE TOLLING

Plaintiffs also move the court to toll the statute of limitations from the date of May 29, 2018 through the time putative class members may join this action because defendants received notice at the time the lawsuit was filed and were aware that putative class members could be entitled to compensation. Plaintiffs then argue that the court should, in the alternative, toll the action from October 31, 2018, the date when counsel for the parties participated in Rule 26(f) conferences and discussed the possibility of equitable tolling.

The Ninth Circuit has held that the FLSA statute of limitations may be tolled. *See Partlow v. Jewish Orphans' Home of So. Cal.*, 645 F.2d 757, 760–61 (9th Cir. 1981), *abrogated on other grounds by Hoffman-La Roche, Inc.*, 493 U.S. at 167. Equitable tolling may be applied when a defendant's wrongful conduct prevents plaintiff from asserting a claim, or when extraordinary circumstances impede plaintiff from asserting a timely complaint. *See Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999). Courts in the district routinely focus the inquiry on the fairness to the parties, and the time it takes the court to rule on the motion for conditional certification. *See Dualan*, 172 F. Supp 3d at 1153-54; *see also Small v. Univ. Med. Center of So. Nev.*, 2:13-cv-00298-APG-PAL, 2013 WL 3043454, at *3 (D. Nev. June 14, 2013).

The court finds that plaintiff has not presented justification that warrants tolling the statute of limitations from the date the complaint was filed nor from the date of October 31, 2018. While defendants indeed received notice of the claims when the complaint was filed, plaintiffs have identified no wrongful conduct by defendants that impeded their ability to assert their claims earlier or to file this motion before February 26, 2019. However, because this motion has been ripe and unresolved since March 19, 2019, the court finds that potential opt-in plaintiffs could be unfairly prejudiced by the court's delay. As such, the court adopts the reasoning of other courts in this district and applies those principles here. *See Dualan*, 172 F. Supp 3d at 1153-54; *see also Small* 2013 WL 3043454, at *3. Defendants, on the other hand, would not suffer the same prejudice as potential plaintiffs, as they were aware of their potential liability from the outset of

this action. The court therefore tolls the statute of limitations from the day after the motion became ripe, March 20, 2019, until defendants provide plaintiffs with the putative class members' contact information. If a plaintiff opts in before the date of defendants' compliance, the tolling period for that plaintiff runs from March 20, 2019, until the date of that plaintiff's filing of written consent to opt-in. Tolling does not apply to the plaintiffs who opted in before March 20, 2019.

## VIII. CONCLUSION

IT IS THEREFORE ORDERED that plaintiffs Daniel Gonzalez and Jeffrey Hughes' motion for conditional certification as a collective action (ECF Nos. 43, 44) is GRANTED in part and DENIED in part as stated in this order.

IT IS FURTHER ORDERED THAT:

- Plaintiffs must modify the collective class definition to include "Vacation Counselors."
- Defendants must provide plaintiffs' counsel with the mailing address and email address for putative class members covered by the action within 10 days from the date of this order. The contact list must be presented in Microsoft Excel or another compatible format.
- The parties must meet and confer prior to the resubmission of the proposed notice and consent form. The proposed notice and consent form must be submitted to this court within 30 days from the date of this order.
- Upon court approval of the amended proposed notice and consent form, plaintiffs must distribute the form via email and mail.
- Upon court approval of the amended proposed postcard and email reminder, plaintiffs must distribute the postcard and email reminder to putative class members who have not joined the action during the first 45 days of the opt-in period.
- Potential class members have 90 days from the date of mailing the notice to submit their opt-in forms.

IT IS FURTHER ORDERED that the statute of limitations for plaintiffs' FLSA claims is TOLLED from March 20, 2019 until defendants provide plaintiffs' counsel with the requisite contact information. If a plaintiff opts in before the date of defendants' compliance, the tolling period for that plaintiff runs from March 20, 2019, until the date of that plaintiff's filing of written consent to opt-in with the court. Tolling does not apply to the plaintiffs who opted in before March 20, 2019.

DATED: July 29, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE