UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DANIEL GONZALEZ, et al.,

    Plaintiff(s),

v.

DIAMOND RESORTS INTERNATIONAL MARKETING, INC., et al.,

    Defendant(s).

Case No.: 2:18-cv-00979-APG-NJK

**ORDER**

Pending before the Court are the parties' supplemental briefs. Docket Nos. 69. 70. The Court begins by noting what is <u>not</u> currently before it. On July 29, 2019, United States Magistrate Judge Carl W. Hoffman issued an order, *inter alia*, conditionally certifying a collective action, requiring notice to potential plaintiffs, and addressing various other aspects of the collective action aspect of this case. Docket No. 52. Upon Judge Hoffman's retirement, the undersigned was assigned to the case. Docket No. 55. As a general matter, judges newly assigned to a case do not change course from the decisions that were entered previously. *See, e.g.*, *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 530 (9th Cir. 2000) (citing *Castner v. First Nat'l Bank of Anchorage*, 278 F.2d 376, 397 (9th Cir. 1960)). At this juncture, the only issues before the Court are whether (1) the words "sales representatives" should be deleted from the amended proposed notice, (2) the sentence "Defendants, and their owners, officers, directors, and management staff are not permitted to discuss this case with you or to discuss whether you should or should not be included in the lawsuit" should be deleted from the amended proposed notice, and (3) Defendants must

provide the personal email addresses for current employees. Accordingly, the undersigned's evaluation of this matter is limited to these discrete topics, which are addressed in turn below.

## I. "SALES REPRESENTATIVE" TERMINOLOGY

The parties first dispute whether the amended proposed notice properly provides a passing reference to "sales representatives." Docket No. 69 at 5-6; Docket No. 70 at 5-6. Judge Hoffman already addressed Defendants' concerns that the technical job title at issue in this case is "Vacation Counselors," finding as follows:

> Lastly, while plaintiffs refer to the job title for the putative class members as "Sales Representatives," rather than the technical term of "Vacation Counselors," the court still finds that plaintiff have identified a tenable class because of the duties and responsibilities associated with the position. However, given that plaintiffs concede the technical term of the position, the court finds it necessary for plaintiffs to modify the collective class definition to include "Vacation Counselors." Plaintiffs are also ordered to modify their proposed notice and consent form to include "Vacation Counselors."

Docket No. 52 at 4. In light of Judge Hoffman's ruling, the amended proposed notice is addressed to "All Current and Former Individuals [sic][1] Who, at Any Time Since March 20, 2016, Held the Position of Vacation Counselor, acting as sales representatives, at Diamond Resorts." Docket No. 70-1 at 2.

This sentence is plainly consistent with Judge Hoffman's previous order to include the job title "Vacation Counselors." Moreover, the undersigned finds nothing objectionable about the additional inclusion of "acting as sales representatives." Accordingly, Defendants' request to change that language is **DENIED**.

---

[1] The Court finds the wording of this sentence strange as a linguistic matter, as a person is not generally referred to as either a "current individual" or a "former individual." Counsel may want to consider altering the notice so that it is addressed to "current and former employees," a change that the Court approves if counsel so agree. *Cf.* Docket No. 26 at ¶ 51 (answer admitting that the collective action members were "employees" for purposes of the FLSA).

2

## II. SENTENCE REGARDING CONTACT BETWEEN OPT-IN PLAINTIFFS AND DEFENDANTS

The parties next dispute whether it is appropriate for the notice to include a sentence stating that Defendants are not permitted to discuss the case with the potential opt-in plaintiffs. Docket No. 69 at 6-7; Docket No. 70 at 6-7. Plaintiffs argue as a threshold matter that this issue was already resolved by Judge Hoffman and that Defendants are attempting to get a second bite at the apple in light of his retirement. Docket No. 70 at 6. Defendants argue that Judge Hoffman's order did not expressly address this issue, such that it remains a live issue that should be addressed now. *See* Docket No. 69 at 6 n.4. Plaintiffs have the better argument.

Defendants concede that they presented this very same argument to Judge Hoffman in the motion practice on conditional certification. *Id.* Judge Hoffman addressed at length the various arguments presented by the parties with respect to notice and ultimately concluded that: "Plaintiffs are instructed to make all necessary changes *consistent with this order*, and to meet and confer with defendants' counsel prior to resubmitting an amended proposed notice and consent form." Docket No. 52 at 8 (emphasis added). Courts are not required to address every argument presented by parties and unaddressed arguments are deemed rejected to the extent inconsistent with the Court's ruling. *See, e.g.*, *Gates v. Deukmejian*, 987 F.2d 1392, 1400 (9th Cir. 1992) ("we will presume that the district court *implicitly* rejected those specific challenges to plaintiffs' billing judgment deductions that it did not expressly discuss in its order" (emphasis in original)). In this case, Judge Hoffman thoroughly addressed the proposed notice and identified the required changes to it, changes that did not include omitting the sentence at issue in Defendants' argument. It seems plain that in so doing Judge Hoffman was rejecting the argument that Defendants now attempt to resurrect.

Defendants have not addressed the applicable standards for reconsideration of a predecessor judge's rulings, let alone shown that they are met here.[2] The undersigned declines to

---

[2] Defendants are effectively hoping that the undersigned might disagree with the earlier ruling, which is most assuredly not grounds to reconsider an earlier judge's ruling. *See, e.g.*, *Stern v. Does*, 2010 WL 11459792, at *4 (C.D. Cal. Apr. 29, 2010) (rejecting such a "dubious standard").

3

require that the disputed sentence be omitted from the notice. Accordingly, Defendants' request to omit this sentence is **DENIED**.

### III.   PERSONAL EMAIL ADDRESSES

The parties next dispute whether personal or company emails should be provided for current employees. Docket No. 69 at 7-9; Docket No. 70 at 7-8. Judge Hoffman previously ordered Defendants to "provide plaintiffs' counsel with the . . . email address for putative class members." Docket No. 52 at 11. Defendants provided personal email addresses for former employees who are potential opt-in plaintiffs, as well as for current employees who do not have a work email address. Docket No. 69 at 7. For the balance of current employees who are potential opt-in plaintiffs, however, Defendants have provided only their work email address and refused to provide their personal email address. *See id.* Plaintiffs contend that privacy and privilege concerns make it more prudent to utilize the personal email addresses of current employees given that work emails can be monitored. Docket No. 70 at 7. Defendants counter that they must protect the privacy interest employees have in their personal email addresses and worry that revelation of that information could be used by Plaintiffs' counsel for improper purposes. Docket No. 69 at 8-9. Plaintiffs have the better argument.

The FLSA itself does not indicate the form of notice that the plaintiffs may use to reach other potential collective action members. *See* 29 U.S.C. § 216(b). Moreover, the Supreme Court has "confirm[ed] the existence of the trial court's discretion [with respect to notice], not the details of its exercise." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). Courts routinely require the production of email addresses to ensure sufficient notice to potential opt-in plaintiffs. *See, e.g.*, *Lewis v. Wells Fargo & Co.*, 669 F. Supp. 2d 1124, 1128 (N.D. Cal. 2009). With respect to which email address should be used (personal or work), neither party presents any legal authority addressing that particular issue[3] and the case law appears to be sparse.[4]

---

[3] The only case cited at all is a California Court of Appeal opinion that predates the advent of modern computing. *See* Docket No. 69 at 8 (citing case from 1981).

[4] The case law is sparse presumably because this is an issue that should nearly always be resolved by counsel through good faith meet-and-confer efforts.

Having balanced the parties' competing concerns, the Court finds the better approach is for notice to be provided through the current employees' personal email addresses. While those employees have a privacy interest in their email addresses, the intrusion by sending notice through personal email is relatively minimal. *See In re Deloitte & Touche, LLP Overtime Litig.*, 2012 WL 340114, at *2 (S.D.N.Y. Jan. 17, 2012) ("the Court does not view the disclosure of [personal and business] email addresses to class counsel as being unduly intrusive on the privacy and personal interests of class members"); *see also Wade v. Furmanite Am., Inc.*, 2018 WL 2088011, at *7 (S.D. Tex. May 4, 2018) ("The notion that providing email addresses of potential plaintiffs unnecessarily invades those person's privacy interests is unavailing. Unlike social security numbers, email addresses are freely exchanged and readily available to anyone who makes a concerted effort to uncover such information"). Moreover, Plaintiffs have a significant interest in minimizing the risk that Defendants could have access to communications that are protected by the attorney-client privilege. *Cf. Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) (explaining the importance of the attorney-client privilege). Accordingly, the Court **GRANTS** Plaintiffs' request for personal email addresses. Defendants must provide any personal email address it has for its current employees by October 24, 2019.[5,6]

IT IS SO ORDERED.

Dated: October 10, 2019

                                                                    Nancy J. Koppe
United States Magistrate Judge

---

[5] Defendants represent that they do not have a personal email address for all current employees. *See* Docket 69 at 3 n.1. For any current employee for whom Defendants do not have a personal email address, Defendants must so certify by October 24, 2019.

[6] In conjunction with this issue, Defendants "renew" their request for a third-party administrator to handle notice. Docket No. 69 at 9. No meaningful elaboration is provided. Judge Hoffman already rejected this request, Docket No. 52 at 5, and the undersigned does not find sufficient grounds to alter that ruling, *see Fairbank*, 212 F.3d at 530; *see also Stern*, 2010 WL 11459792, at *4.