Howard E. Cole
State Bar No. 4950
Jennifer K. Hostetler
State Bar No. 11994
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Pkwy., Suite 600
Las Vegas, NV 89169-5996
Tel: 702.949.8200
Fax: 702.949.8398
E-mail: hcole@lrrc.com
Email: jhostetler@lrrc.com

Kirstin E. Muller*
California State Bar No. 186373
Alison M. Hamer*
California State Bar No. 258281
Benjamin J. Treger*
California State Bar No. 285283
HIRSCHFELD KRAEMER LLP
233 Wilshire Boulevard, Suite 600
Santa Monica, CA 90401
Tel: 310.255.0705
Fax: 310.266.0986
E-mail: kmuller@hkemploymentlaw.com
E-mail: ahamer@hkemploymentlaw.com
E-mail: btreger@hkemploymentlaw.com
*Has complied with LR IA 11-2

*Attorneys for Defendants*
Diamond Resorts International Marketing, Inc. and West
Maui Resorts Partners, L.P.

**UNITED STATES DISTRICT COURT,**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIEL GONZALEZ and JEFFREY HUGHES,<br><br>Plaintiffs,<br><br>vs.<br><br>DIAMOND RESORTS INTERNATIONAL MARKETING, INC., DIAMOND RESORTS INTERNATIONAL, INC., DIAMOND RESORTS CORPORATION, and WEST MAUI RESORTS PARTNERS, L.P.,<br><br>Defendants. | Case No. 2:18-cv-00979-APG-NJK<br><br>**DEFENDANTS DIAMOND RESORTS INTERNATIONAL MARKETING, INC. AND WEST MAUI RESORTS PARTNERS, L.P'S RESPONSE TO MOTION TO AMEND COMPLAINT** |

4829-3733-2409

I. **<u>INTRODUCTION</u>**

Plaintiffs Daniel Gonzalez and Jeffrey Hughes ("Plaintiffs") initiated this nationwide collective action against Defendants Diamond Resorts International Marketing, Inc. ("DRIMI") and West Maui Resorts Partners, L.P ("WMRP") alleging a claim for unpaid overtime under the Fair and Labor Standards Act ("FLSA") on May 25, 2018.  Plaintiff Gonzalez also simultaneously asserted a class claim pursuant to Federal Rules of Civil Procedure 23 against Defendant WMRP for unpaid overtime under Hawaii law.  (ECF No. 1; Complaint, ¶¶ 10, 55-62, 77-90).  Since then, the Court has granted conditional certification of the action under the FLSA, the parties have engaged in extensive written discovery on those grounds, and all putative class-member employees *nationwide* have had the opportunity to join the action through the completion of the FLSA's notice and opt-in mechanism.

Now, Plaintiffs, late in the game, seek to add additional Rule 23 class claims and representative plaintiffs under Missouri, Nevada, North Carolina, and Washington's overtime laws against Defendant DRIMI, which needlessly duplicate and complicate their pending FLSA collective action.  Not only is Plaintiffs' Motion to Amend Complaint ("Motion to Amend") exceptionally belated and dilatory – *22 months after* filing their Complaint – but such amendments *at this stage* of the proceeding are extremely prejudicial to Defendants.

First, the addition of Rule 23 class claims *after* the conclusion of the opt-in period improperly circumvents the FLSA's opt-in mechanism and statute of limitations.  Out of the 1,093 putative class-member employees from Missouri, Nevada, North Carolina, and Washington to whom notice was sent, 189 putative class members have opted into the conditionally certified FLSA collective action.  Plaintiffs' requested amendment would effectively bypass Congressional intent on class action litigation in an effort to pull in more than 900 new litigants from Missouri, Nevada, North Carolina, and Washington who have already declined to take part in this litigation, simply because Plaintiffs' counsel is unhappy with their individual decisions not to join the case.

Second, Plaintiffs seek to have their state law claims relate back to the May 25, 2018 filing of their original Complaint, which would restore statute of limitations that have run under their FLSA claim.  Moreover, it would allow Plaintiffs to improperly use the FLSA's opt-in

mechanism as an advertising tool to solicit class representatives for separate state law claims. Not only is this end run around the FLSA extremely prejudicial to Defendants, but it will create confusion and waste judicial resources.

As detailed below, Plaintiffs should not be allowed to circumvent the FLSA's procedural safeguards by belatedly adding new wage and hour claims that are not based on any new facts or evidence, but are, instead, based on evidence and information that Plaintiffs possessed since the inception of this case 22 months ago. Thus, Defendants respectfully request that the Court deny Plaintiffs' Motion, or for reasons of fundamental fairness and to mitigate confusion, at a minimum, limit the state classes to those individuals who have already opted into the FLSA action.

## II. LEGAL STANDARD FOR DENYING A MOTION TO AMEND A COMPLAINT

Federal Rule of Civil Procedure 15(a) provides that after an answer has been filed "a party may amend the party's pleading only by leave of court or by written consent of the adverse party. Fed. R. Civ. Proc. 15(a). However, leave to amend is not automatic. *Layfield v Bill Heard Chevrolet Co.* 507 F.2d 1097 (5th Cir. 1979).

Courts have identified several factors which alone, or in combination, justify denial of a motion for leave to amend. These include: (1) undue delay; (2) bad faith or dilatory motive; (3) futility of amendment; and (4) prejudice to the opposing party. *See e.g., Jackson v. Bank of Hawaii*, 902 F. 2d 1385, 1387 (9th Cir. 1990) (upholding lower court's denial of motion for leave to amend where defendant was prejudiced, and plaintiffs unduly delayed in filing their motion). Here, all of these factors weigh in favor of denying Plaintiffs' motion for leave to amend.

## III. LEGAL ARGUMENT

### A. Plaintiffs' Motion is Exceptionally Delayed and Made in Bad Faith

Courts in the Ninth Circuit routinely deny motions to amend when there has been undue delay. *See e.g., AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (upholding denial of motion for leave to amend because fifteen months had elapsed since the party had learned of the pertinent facts supporting its amendment and prejudice was found). The sheer amount of time between the filing of the original Complaint – **_over 22 months ago_** –

2

and the motion to amend supports denial of Plaintiffs' Motion. *See*, *M/V American Queen v. San Diego Marine Construction Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983) (holding that the trial court did not abuse its discretion when it denied a plaintiff's motion to amend the complaint where the case was filed one and one-half years before the plaintiff brought the motion to amend); *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1995) (denying leave to amend where moving party knew or should have known when drafting the original pleading the facts upon which the amendment is based, but did not include them in the original pleading).

Plaintiffs provide no justification to explain their delay. Instead, Plaintiffs have either dithered or deliberately progressed this case as far as possible under the FLSA, only to add state law claims in hopes of piggy backing off the original filing date of this action. Indeed, Plaintiffs knew at the outset of the case how to bring state law-based wage and hour claims and to seek a separate state class, as they did here with the Hawaii claims against Defendant WMRP. (ECF No. 1; Complaint, ¶¶ 10, 55-62, 77-90). It is abundantly clear that Plaintiffs knew or should have known facts supporting their state law claims under Missouri, Nevada, North Carolina, and Washington law, throughout the pendency of their action, including at each of the following stages in the case:

- **May 25, 2018 – Filing of the Complaint**

As the Motion to Amend makes clear, Plaintiffs were aware of the facts supporting their additional state law claims against Defendant DRIMI since the filing of their original Complaint. Plaintiffs admit that the state law claims under "Missouri, Nevada, North Carolina and Washington, which Plaintiffs seek to assert in the First Amended Collective and Class Action Complaint, are *identical* to those pled in the original Complaint, and further, arise out of the identical illegal conduct pled in the original Complaint." (ECF No. 153; Plaintiff's Motion for Leave to File a First Amended Complaint ["Motion to Amend"], ¶13).

- **February 26, 2019 – Plaintiffs' Declarations**

Additionally, on February 26, 2019, over one year ago, Plaintiffs filed declarations in support of their Motion for Conditional Certification, attesting that they had personal knowledge of facts supporting state overtime claims nationwide. (ECF Nos. 43-3, 43-4; Declarations of

Plaintiffs Daniel Gonzalez and Jeffrey Hughes in Support of Motion for Conditional Certification).  Thus, even assuming arguendo that Plaintiffs did not have all the requisite facts at the time they filed their Complaint (which they did), by their sworn testimony, they cannot deny they had obtained such facts by the time they moved for conditional certification ***over 13 months ago.***[1]  Plaintiffs could have amended their Complaint at that time but instead chose to delay. *See Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991) (affirming an eight-month delay between time of obtaining a relevant fact and seeking a leave to amend is unreasonable).

- **October 16, 2019 – Hearing**

***Over 5 months ago***, on October 16, 2019, at the hearing on the Parties' Stipulation Suspending Remaining Deadlines and Scheduling Order, Plaintiffs' counsel informed the Court of their general intention to amend the Complaint to add state law claims**.**  (ECF No. 81). Plaintiffs did not provide any further details at that point nor did they take any action until now. Plaintiffs decision to delay their filing is unjustified.  *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (finding the delay inexplicable and unjustified where plaintiffs informed the court of their intention to file an amended complaint in March 1987, May 1987, and February 1988, but delayed offering their amended complaint until May 1988).

Plaintiff's Motion to Amend is untimely, made in bad faith and for the sole improper motive of attempting to circumvent FLSA rules and procedures for pursuing a class-wide result. Plaintiffs offer no valid justification for this long delay, nor can they.  As a result, this Court should deny Plaintiffs' Motion to Amend.

### B. Plaintiffs' Proposed Amendment is Prejudicial as It Improperly Bypasses the FLSA's Procedural Mechanisms, Creates Confusion, and Substantially Increases Costs to Defendants and the Court

Not only did Plaintiffs have ample time to amend their Complaint during the pendency of this action, they also specifically waited until *after* the FLSA opt-in periods closed to seek leave to do so.  Aside from being grossly late, Plaintiffs have chosen the most prejudicial time to seek

---

[1] Also, from at least February 2019 through September 25, 2019, Plaintiffs' counsel maintained an advertising website – stopwagetheft.com – seeking potential plaintiffs for this and other lawsuits against Defendants.

4

such an amendment. Prejudice to the opposing party is the most important factor in considering a motion to amend, and one which the Court is required to consider. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31 (1971).

The addition of state claims against Defendant DRIMI at this stage would nullify the FLSA notice and opt-in process which the Parties and the Court have spent an enormous amount of time and resources to complete. It would also have the effect of requiring another costly and duplicative set of Rule 23 opt-out notices be sent to over 900 of the very same individuals who already indicated that they do not wish to participate in this litigation by choosing not to join. Effectively, Plaintiffs' counsel wants to nullify those choices.

### 1.   Adding State Law Claims Would Circumvent the FLSA's Procedural Mechanisms

Allowing "a Section 216(b) opt-in action to proceed accompanied by a Rule 23 opt-out state law class action would essentially nullify Congress's intent in crafting Section 216(b) and eviscerate the purpose of [the] opt-in requirement." *Otto v. Pocono Health Sys.*, 457 F. Supp. 2d 522, 524 (M.D. Pa. 2006); s*ee Fetrow-Fix v. Harrah's Entertainment, Inc.*, 2010 U.S. Dist. LEXIS 125625, *10-11 (D. Nev. Nov. 16, 2010) (dismissing state law class claims predicated on the same acts and circumstances as existing FLSA collective action); *Williams v. Trendwest Resorts, Inc.*, No. 2:05-CV-0605-RCJ-LRL, 2007 WL 2429149, at *4 (D. Nev. Aug. 20, 2007) (the court found the procedural requirements of the FLSA preempt class actions based upon state law claims).[2] As part of the Order granting Conditional Certification, Plaintiffs mailed (and to a large extent also emailed) putative class-members nationwide giving them the requisite FLSA notice and chance to opt into this litigation. Plaintiffs also sent reminder emails to the putative class-members 45 days after the initial notice. (ECF No. 52). Out of the 1,093 putative class-members from Missouri (378), Nevada (585), North Carolina (41), and Washington (89) to whom notices and reminder notices were sent, only 189 individuals expressed an interest in participating

---

[2] While District Courts in this Circuit have sometimes allowed hybrid FLSA and state class claims to proceed in a single case from the outset, the addition of state claims against Defendant DRIMI so late in the game essentially vitiates the FLSA's opt-in procedure that the parties have already completed.

5

in this litigation by filing the requisite opt-in forms.[3] (See ECF Nos. 51, 87-94, 96-102, 104-107, 109, 110, 112-118, 120, 122, 124, 125, 127-134, 136, 141, 148, & 152).

Plaintiffs now seek a second bite at the apple in order to circumvent the procedural mechanisms deliberately put in place by Congress. The FLSA explicitly provides that, to join a collective action, an employee must "give ... consent in writing to become ... a party" and file his consent "in the court in which such action is brought." 29 U.S.C. § 216(b). Congress designed the opt-in mechanism to limit FLSA plaintiffs to employees who affirmatively assert claims against their employer, and to "curb the number of [representative] lawsuits." *De Ascencio v. Tyson Foods, Inc.*, 342 F.3d 301, 306 (3rd Cir. 2003). In passing the legislation containing Section 216(b), Congress explained that if FLSA actions were opt-out rather than opt-in, "the courts of the country would be burdened with excessive and needless litigation." 29 U.S.C. § 216(b) at pt. 1 § 1(a)(7). Employers would be faced with "vast allegations of liability . . . brought on behalf of employees who had no real involvement in, or knowledge, of the lawsuit." *Arrington v. Nat'l Broad. Co., Inc.*, 531 F. Supp. 498, 501 (D.D.C. 1982) (analyzing FLSA's legislative history).

Permitting Plaintiffs via a Rule 23 opt-out procedure to bring all Missouri, Nevada, North Carolina, and Washington putative class-member employees who chose not to opt into the FLSA action when given the opportunity, would "flaunt the Congressional intention that FLSA claims proceed as an opt-in scheme." *Jackson v. San Antonio*, 220 F.R.D. 55, 60 (W.D. Tex. 2003) (declining supplemental jurisdiction over state-law class action claims where only 11 percent of putative plaintiffs opted-in to FLSA claims); *see also De Ascencio*, 342 F.3d at 310 (reversing district court's exercise of supplemental jurisdiction over state-law wage claims where only 10 percent of putative class opted-in to FLSA claim). As recognized by courts in this Circuit, the

---

[3] These numbers represent the putative plaintiffs whose mailing addresses are located in these states. Upon further analysis, however, the actual putative plaintiffs from North Carolina and Nevada are slightly lower because, while some of them lived in these states, they worked for Defendant DRIMI in another state. Specifically, the actual number of opt-in plaintiffs for Nevada is 108 instead of 114, as 5 worked in California, 1 worked in Florida, and 1 worked in Virginia; the opt-in plaintiffs for North Carolina is 8 instead of 10, as 2 worked in Virginia.

"policy behind requiring FLSA plaintiffs to opt in to the class would largely 'be thwarted if a plaintiff were permitted to back door the shoehorning in of unnamed parties through the vehicle of calling upon similar . . . statutes that lack such an opt-in requirement.'" *Leuthold v. Destination America, Inc.*, 224 F.R.D. 462, 470 (N.D. Cal. 2004) (internal citation omitted). Plaintiffs' attempt to turn an opt-in FLSA claim into an opt-out class action, especially *after the opt-in period has closed*, violates Congress's express intent to keep FLSA claims from turning into representative actions in which class members do not have to affirmatively state their intent to join.

Fundamental fairness mandates that Plaintiffs' Motion to Amend be denied on this basis alone. *See Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (upholding district court's denial of leave to amend fraud claim where plaintiff had facts prior to first amendment and amendment was prejudicial and dilatory); *Rodriguez v. Texan Inc.*, 2001 U.S. Dist. LEXIS 24652, *3 (N.D. Ill. Mar. 7, 2001) (holding that permitting plaintiffs to use Rule 23 as a "back door" to "shoehorn" in parties in violation of FLSA's opt-in requirement would thwart Congressional intent).

### 2. Additional State Law Claims at this Stage of the Case will Create Confusion

Plaintiffs' proposed amendment would also lead to confusion. *See Chase v. Aimco Props., L.P.*, 374 F. Supp. 2d 196, 202 (D.D.C. 2005) (allowing state law class action to proceed together with FLSA collective action "would confound Congress' design for the collective action and inject unacceptable complexities into the management of the case").

Plaintiffs' state law class would be governed by Rule 23, requiring members of the class to affirmatively request exclusion, or to "opt-out" of the litigation, if they wish to be excluded. Plaintiffs' collective action pursuant to the FLSA is governed by 29 U.S.C. Section 216(b), which requires that any party desiring to join the class affirmatively join or "opt-in" to be included. Both classes would be addressing the same alleged action. The potential for confusion overwhelms any efficiencies in adding a concurrent Rule 23 action at this stage.

In this case, notice was sent to 1,093 people in Missouri, Nevada, North Carolina, and

Washington. The notice explained Plaintiffs' unpaid overtime claim – the exact same claim that Plaintiffs are now seeking to add under state law – and instructed the employees on the opt-in procedure to join and pursue this claim. They were informed that choosing to do nothing would keep them out of the claim. Only 189 individuals decided to join. (See ECF Nos. 51, 87-94, 96-102, 104-107, 109, 110, 112-118, 120, 122, 124, 125, 127-134, 136, 141, 148, & 152).

With Plaintiffs' amendment, these same individuals will receive yet another notice from the same action with a conflicting procedure for the exact same claim. Not only will this create confusion, but those who want nothing to do with this lawsuit will be forced to take additional steps to restate their position.

### 3. Additional State Law Claims at this Stage will Increase Costs and Waste Judicial Resources

The Court has already expended judicial resources in this case, which has been pending for nearly two years, including setting forth the opt-in schedules under the FLSA. The parties have briefed conditional certification, conducted discovery, and completed the opt-in procedures of the FLSA claim. The delayed amendment would waste judicial resources by effectively reversing the clock and opening the door to additional briefing and potentially altering the Scheduling Order, yet again.

Moreover, the purported amendment would cause additional prejudice to Defendants by forcing them to bear the additional expense and time necessarily involved in propounding new and additional discovery related to the delayed amendments, as well as briefing class certification. To the extent that the Court is inclined to order another notice process for the state law claims under Rule 23, Defendants will be forced to undergo increased costs and fees to provide notice to over 900 persons who have already expressed their lack of interest in this litigation. Based on these significant prejudicial effects, Plaintiffs' Amended Complaint should not be allowed.

/ / /

/ / /

/ / /

### C. Any Added State Claims Should Not Relate Back To The Filing Of The Complaint

Should the Court be inclined to grant Plaintiffs' Motion to Amend and add the state law claims, such claims should not relate back to the filing of the Complaint. The Supreme Court has recognized a class action defendant's need for notice of the newly alleged claims, the scope of its liability, and the identity and size of the class members. *See American Pipe & Construction v. Utah*, 414 U.S. 538, 554-55 (1974). *American Pipe* held that fair notice should alert a defendant to "not only the substantive claims being brought against [defendant], but also of the number and generic identities of the potential plaintiffs who may participate in the judgment." *Ibid*.

Unlike class actions under Rule 23, where the statute of limitations is tolled for the class upon filing, in FLSA collective actions, an opt-in plaintiff's claim is commenced upon the filing of the notice of written consent with the court. Thus, the clock continues to run against all potential class members until they file written consent to opt into the case. *See* 29 U.S.C. § 256(b). The inherent differences between state class opt-out procedures and FLSA collective action opt-in procedures, exacerbated by the possibility of different and lengthier statutes of limitations, result in a significant expansion of the class that was not contemplated by Defendants. Thus, under Plaintiffs' relation back theory, tolling differences between class actions and FLSA collective actions would effectively permit putative members of the FLSA collective action to resurrect their claims as state law overtime claims capturing lengthier damages periods, despite the expiration of the statute of limitations on their federal claims.[4]

In practical terms, Plaintiffs would be "permitted to stop the clock on all state law wage-and-hour claims possibly brought against an employer in multiple states by filing a single FLSA collective action, as long as they were later able to identify plaintiffs in other states and successfully seek to amend. This result would be inherently unfair to a defendant that has not

---

[4] The Court has previously ruled that Plaintiffs have "not presented justification that warrants tolling the statute of limitations" of their FLSA claim to the filing of the Complaint. (ECF No. 52; Order Granting in Part and Denying in Part Plaintiffs' Motion for Conditional Certification). Despite this, Plaintiffs now seek to toll the statute of limitations of their belated state law claims to the filing of the Complaint. Plaintiffs should not be permitted to end run around the Court's Order through their relation back theory.

been afforded fair notice of these potential state claims."[5]  *Charlot v. Ecolab, Inc.*, 97 F. Supp. 3d 40, 54 (Dist. Court, ED New York 2015) (internal citations omitted).  *See also Senterfitt v. SunTrust Mortgage, Inc.*, 385 F. Supp. 2d 1377, 1380 (S.D. Ga. 2005) (finding that second amended complaint could not relate back because prior pleadings did not adequately put defendant on notice of a significantly larger class whose claims stretched twenty years into the past); *Anderson v. City of Wood Dale, IL*, No. 93-CV425, 1995 WL 106318, at *3 (N.D. Il. March 9, 1995) (noting that, "[w]hile . . . an increase in potential liability is not sufficient prejudice to deny the relation back of new plaintiffs, a defendant is entitled to notice of the existence and involvement of new plaintiffs"); *In re Gilat Satellite Networks, Ltd.*, No. 02-CV-1510, 2005 WL 2277476, at *26 (E.D.N.Y. Sept. 19, 2005) (noting that pertinent inquiry for relation back was "whether the defendants had adequate notice of the claims of the newly added plaintiffs and whether the late assertion of their claims would surprise and frustrate reasonable possibilities for a defense") (internal quotations and citations omitted).

> D. **Should the Court Grant Plaintiff's Motion to Amend, Plaintiffs' Rule 23 Class Members Should Be Limited to the Individuals Who Have Already Opted In to the FLSA Action**

Should the Court be inclined to grant Plaintiffs' Motion to Amend and add the state law claims, Defendants request that the Court limit the Missouri, Nevada, North Carolina, and Washington classes to those Plaintiffs who have already opted into the FLSA action:  57 from Missouri, 114 from Nevada, 10 from North Carolina, and 16 from Washington.  Doing so would help mitigate the prejudicial effects of Plaintiffs' delay and their attempt to circumvent the FLSA procedures.

/ / /

/ / /

/ / /

/ / /

---

[5] Allowing the state claims to relate back would enable Plaintiffs to improperly use the FLSA opt-in mechanism as an advertising tool to solicit class representatives for separate state law class actions.

10

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiffs' Motion to Amend be denied in its entirety. Alternatively, if Plaintiffs' Motion is granted, Defendants respectfully request that the Court, for reasons of fundamental fairness, limit the state classes to those individuals who have already opted into the FLSA action.

Date: April 10, 2020

LEWIS ROCA ROTHGERBER CHRISTIE LLP

*/s/ Kirstin E. Muller*
HOWARD E. COLE
Nevada Bar No. 4950
JENNIVER K. HOSTETLER
Nevada Bar No. 11994
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV  89169-5996

KIRSTIN E. MULLER
*(Admitted Pro Hac Vice)*
California Bar No. 186373
ALISON M. HAMER
*(Admitted Pro Hac Vice)*
California Bar No. 258281
BENJAMIN J. TREGER
*(Admitted Pro Hac Vice)*
California Bar No. 285283
Hirschfeld Kraemer LLP
233 Wilshire Boulevard, Suite 600
Santa Monica, CA  90401

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2020, I caused a true and accurate copy of the foregoing, **DEFENDANTS DIAMOND RESORTS INTERNATIONAL MARKETING, INC. AND WEST MAUI RESORTS PARTNERS, L.P'S RESPONSE TO MOTION TO AMEND COMPLAINT** to be filed with the Clerk of the Court via the Court's CM/ECF system, which sent an electronic copy of the same to the following counsel of record:

Michael N. Feder
DICKINSON WRIGHT PLLC
8363 West Sunset Road, Suite 200
Las Vegas, NV  89113
Phone: (702) 550-4440
Fax: (844) 670-6009
Email: mfeder@dickinson-wright.com

Martin D. Holmes
Peter F. Klett
DICKINSON WRIGHT PLLC
Fifth Third Center, Suite 800
424 Church Street
Nashville, TN  37219
Phone: (615) 244-6538
Fax: (844) 670-6009
Email: mdholmes@dickinsonwright.com
Email: pklett@dickinsonwright.com

Howard E. Cole
Jennifer K. Hostetler
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Pkwy., Ste. 600
Las Vegas, NV  89169-5996
Phone: (702) 949-8200
Fax: (702) 949-8398
Email: hcole@lrrc.com; jhostetler@lrrc.com

Trevor W. Howell
Howell Law, PLLC
P.O. Box 158511
Nashville, TN 37215
Phone: (615) 406-1416
Email: trevor@howelllawfirmllc.com

Dated this 10th day of April, 2020.

/s/ Robbin DeRuisé
Robbin DeRuisé