# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL GONZALEZ and JEFFREY HUGHES, on behalf of themselves and others similarly situated,<br><br>            Plaintiffs<br><br>v.<br><br>DIAMOND RESORTS INTERNATIONAL MARKETING, INC., et al.,<br><br>            Defendants | Case No.: 2:18-cv-00979-APG-NJK<br><br>**Order (1) Granting Motion to Certify Class; (2) Directing Parties to Confer on Notice; and (3) Denying Motion to Strike**<br><br>[ECF Nos. 54, 79] |

Plaintiffs Daniel Gonzalez and Jeffrey Hughes sue defendants Diamond Resorts International Marketing, Inc. and West Maui Resorts Partners, L.P. (WMRP) under the Fair Labor Standards Act (FLSA) on behalf of themselves and similarly situated vacation counselors, also known as sales representatives. They allege the defendants violated the FLSA by computing overtime based on the relevant state's minimum wage rather than on the vacation counselors' regular rate of pay, which they contend includes bonuses and commissions. Gonzalez, who worked as a vacation counselor for WMRP in Hawaii, also seeks to represent a class under Federal Rule of Civil Procedure 23 for current and former vacation counselors who worked for WMRP in Hawaii at any time since May 29, 2012. Gonzalez contends these same allegations amount to overtime violations under Hawaii law.

Gonzalez now moves for certification of the Hawaii class action and requests that he be named the class representative and his counsel be named class counsel. He also requests that the defendants be required to provide him with the names, addresses, email addresses, and phone numbers of all Hawaii class members within 10 days, and for notice to be sent to the class members.

WMRP responds that Gonzalez has not met his burden of showing class treatment is appropriate because he rests his motion on his own declaration, but he worked at only one resort in Hawaii and thus does not have personal knowledge to show numerosity, commonality, or typicality with vacation counselors at the other two Hawaii resorts.[1]  WMRP also moves to strike Gonzalez's reply, arguing it contains new evidence and raises new arguments.

I deny WMRP's motion to strike, grant Gonzalez's motion to certify, and order WMRP to provide the names, addresses, email addresses, and phone numbers for the Hawaii class members within 10 days of the date of this order.  Finally, I direct the parties to confer regarding a form of notice to the class.

## I.  MOTION TO STRIKE

WMRP argues that Gonzalez raised for the first time in his reply the argument that he could not adequately support his motion to certify because WMRP would not respond to class-related discovery requests.  WMRP asserts that nothing required Gonzalez to file his motion to certify when he did, and if he thought he did not have enough information he could have waited and moved to compel.  WMRP argues that prior to filing the motion to certify, Gonzalez did not confer with it regarding its objections.  WMRP also moves to strike the exhibits attached to the reply because they were not included in the motion, so WMRP did not have a chance to respond. Alternatively, WMRP requests leave to file a sur-reply to explain why the additional evidence does not support class certification.[2]

---

[1] WMRP objects to references to "sales representatives," contending it does not employ anyone with that job title.  This issue has been resolved through orders addressing certification of the collective action under the FLSA.  *See* ECF Nos. 52; 80.

[2] WMRP again raises the "sales representatives" issue.  As that issue has been resolved, I do not address it further.

2

Gonzalez responds that WMRP did not disclose exhibits 4 and 5 to his reply until after he filed his motion, so he could not have attached them to the motion. And he notes that he did raise WMRP's refusal to produce class-related discovery in his initial motion. Additionally, he contends WMRP delayed six weeks to file the motion to strike and did not move for leave to file a sur-reply even though it could have done so. Gonzalez argues that if I am inclined to grant the motion to strike, I should instead grant leave for WMRP to file a sur-reply.

I deny WMRP's motion with respect to Gonzalez's argument that WMRP refused to provide class-based discovery because Gonzalez raised that issue and presented the same exhibit in his motion and reply. *See* ECF Nos. 54 at 10 & n.4; 54-2 (WMRP's response to requests for production objecting to requests for class information in part because "the request is premature pre-class certification"); 47-4 (offering the same exhibit). I also deny the motion because even if I did not consider the arguments and evidence submitted in reply, I nevertheless would grant the motion to certify.

## II. CLASS CERTIFICATION

Rule 23(a) requires the party seeking certification to demonstrate that:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

The proposed class must also satisfy at least one of the three requirements in Rule 23(b). Gonzalez relies on Rule 23(b)(3), which applies when "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

"Rule 23 does not set forth a mere pleading standard." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Rather, the "party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Id.* (emphasis omitted).

**A. Rule 23(a)**

<u>1. Numerosity</u>

"The numerosity requirement is not tied to any fixed numerical threshold—it 'requires examination of the specific facts of each case and imposes no absolute limitations.'" *Rannis v. Recchia*, 380 F. App'x 646, 651 (9th Cir. 2010) (quoting *Gen. Tel. Co. of the Nw., Inc. v. EEOC*, 446 U.S. 318, 330 (1980)). Generally, courts have held that 15 class members is too low but 40 satisfies the numerosity requirement. *Id.* In terms of whether joinder would be impracticable, "impracticability does not mean impossibility, but only the difficulty or inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964).

Gonzalez contends that during the 13 months he worked at the Kaanapali Beach Club in Maui (from December 2014 to January 2016), he worked with approximately 45-50 other vacation counselors. ECF No. 54-1 at 3, 6. He observed that there was "a good amount of turnover" in these positions. *Id.* at 6. He also states that WMRP operates two other resorts in Hawaii that also employ vacation counselors. *Id.* The proposed recovery period for the class runs for six years based on Hawaii's six-year limitation period. Haw. Rev. Stat. 657-1(4).[3]

These allegations satisfy the numerosity requirement. It is reasonable to infer that the class numbers in the hundreds. Gonzalez also has presented evidence that it would be

---

[3] WMRP does not dispute the recovery period.

impracticable to join hundreds of vacation counselors.  Joining hundreds of individual litigants would be difficult, inconvenient, and burden the parties and the court.  Additionally, due to the turnover in the position, many likely would be owed modest amounts of overtime pay and thus would be deterred from individually pursuing their claims outside of a class action context.

        2.  Commonality

Commonality "requires the plaintiff to demonstrate that the class members have suffered the same injury." *Dukes*, 564 U.S. at 349-50 (quotation omitted).  The class's claims "must depend upon a common contention" that "is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* at 350.

Gonzalez contends that WMRP classifies all vacation counselors as non-exempt and pays all of them overtime based on the same calculation. ECF No. 54-1 at 4.  He contends that WMRP incorrectly calculates the amount due by basing it on Hawaii's minimum wage instead of including commissions and bonuses as required under Hawaii law. *Id.*  He provides evidence in the form of several pay stubs showing he was paid overtime based on the rate of one and one-half times his regular pay rate, not including commissions and bonuses. *Id.* at 4-5, 9-15.

Although WMRP disputes that Gonzalez can show commonality because he worked at only one resort, Gonzalez also explains how, as a WMRP employee, he would be familiar with the company's polices. *Id.* at 3-4.  "Personal knowledge may be inferred . . . based on what the affiant would have probably learned during the normal course of employment." *Pittman v. Westgate Planet Hollywood Las Vegas, LLC*, No. 2:09-cv-00878-PMP-GWF, 2009 WL 10693400, at *8 (D. Nev. Sept. 1, 2009).

Gonzalez thus has identified a common question regarding whether WMRP's alleged policy of basing overtime pay on only the minimum wage rate and excluding commissions and bonuses violates Hawaii law. That question is central to the validity of the class's claim, and resolving that question will resolve the class's overtime claim under Hawaii law in one stroke. He therefore has met the commonality requirement.

### 3. Typicality

"The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011) (quotation omitted). "Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought." *Id.* (quotation omitted).

Gonzalez's claims are typical of the proposed class. He asserts a Hawaii-wide pay policy for vacation counselors so his claim is not based on conduct unique to him. Rather, all vacation counselors were subject to the same allegedly improper calculation of overtime pay.

### 4. Adequacy of Representation

The named plaintiff must "adequately represent the interests of the absent class members." *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 566 (9th Cir. 2019) (en banc) (quotation omitted). This adequacy requirement "serves to uncover conflicts of interest between named parties and the class they seek to represent as well as the competency and conflicts of class counsel." *Id.* (quotation omitted). Adequacy addresses both whether the named plaintiff and his counsel has "any conflicts of interest with other class members" and whether they will "prosecute the action vigorously on behalf of the class." *Id.* (quotation omitted)

Gonzalez has presented evidence that he understands his role as a class representative and that he is committed to pursuing claims on the class's behalf. ECF No. 54-1 at 6-7, 17. WMRP suggests that if Gonzalez's claim is of relatively low dollar value, he may have a conflict with other class members who have more at stake, and he may be less motivated than those potential class members to pursue the claims in this case. There is no evidence to support this. In ruling on a class certification motion, I may not "assume, *arguendo*, that problems will arise, and decline to certify the class on the basis of a mere potentiality that may or may not be realized." *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. ConocoPhillips Co.*, 593 F.3d 802, 810 (9th Cir. 2010). Based on the evidence before me, there is no basis to suspect that Gonzalez has a conflict with the class or otherwise will not adequately represent the class.

WMRP does not challenge the adequacy of Gonzalez's counsel, but Rule 23 requires me to consider certain factors when appointing class counsel. I "must consider":

> (i) the work counsel has done in identifying or investigating potential claims in the action;
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (iii) counsel's knowledge of the applicable law; and
> (iv) the resources that counsel will commit to representing the class;

Fed. R. Civ. P. 23(g)(1)(A).

Gonzalez's counsel presented a declaration in support of the motion detailing their experience generally as well as specifically in wage and hour class/collective action litigation. ECF No. 54-3. They are suitably knowledgeable and experienced to litigate this class action. They have identified applicable Hawaii law they contend WMRP has violated. And they commit to devoting the time and resources to vigorously pursue this matter for the class at trial and on

7

appeal, if necessary. *Id.* at 7.  Gonzalez thus has shown his counsel will adequately represent the class.

**B.  Rule 23(b)(3)**

Gonzalez argues that common questions of law and fact predominate because all vacation counselors are subject to, and would be challenging, the same pay policy.  He also contends class treatment is superior because some class members who worked for a short time may be owed very little overtime, so they would not pursue the claims on their own.  Gonzalez asserts that because there was turnover at the resorts, it is likely many class members fall into this category.  He argues judicial efficiency also counsels in favor of class treatment because the issue of whether WMRP's pay policy violates Hawaii law will be resolved in one action.

WMRP responds that class treatment is not superior because individual inquiries would predominate, including questions about each employee's job duties and whether that made them exempt from the requirement to pay overtime.  Additionally, WMRP contends the amount of overtime owed to each employee is an individualized inquiry.

Under Rule 23(b)(3), Gonzalez must show (1) "that the questions of law or fact common to class members predominate over any questions affecting only individual members," and (2) "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  These are referred to as predominance and superiority.

        1.  Predominance

In determining whether Gonzalez has met the predominance requirement, I "have a duty to take a close look at whether common questions predominate over individual ones to ensure that individual questions do not overwhelm questions common to the class." *Senne v. Kansas City Royals Baseball Corp.*, 934 F.3d 918, 927 (9th Cir. 2019) (quotation omitted).

Predominance "tests whether [the] proposed class[ is] sufficiently cohesive to warrant adjudication by representation." *Id.* (quotation omitted). It "focuses on whether the common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication." *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d at 557. "[I]f so, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Id.* (quotation omitted).

I give more weight to the "more important questions apt to drive the resolution of the litigation . . . over individualized questions which are of considerably less significance to the claims of the class." *Id.* Consequently, "even if just one common question predominates, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately." *Id.* (quotation omitted). Thus, "the need for individual damages calculations does not, alone, defeat class certification." *Vaquero v. Ashley Furniture Indus., Inc.*, 824 F.3d 1150, 1155 (9th Cir. 2016).

The common question of the legality of WMRP's overtime pay calculation predominates over individual questions. Although WMRP contends there may be questions about whether all vacation counselors had the same job duties and whether some are exempt from the overtime law, WMRP presents no evidence to support this. The evidence before me is that WMRP classifies vacation counselors as non-exempt and pays them overtime, but Gonzalez alleges that the amount is not properly calculated because it does not include commissions and bonuses. The fact that each class member may be owed a different amount if the class prevails does not defeat certification. If the class prevails on the common important question of liability, then the individualized damages inquiries will become a matter of math. Consequently, Gonzalez has met his burden of showing that common questions predominate.

### 2. Superiority

Rule 23(b)(3) lists factors to consider when determining whether a class action is "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). These include:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;
(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
(D) the likely difficulties in managing a class action.

*Id.* "This list is not exhaustive and other factors may be considered." *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010). "[T]he purpose of the superiority requirement is to assure that the class action is the most efficient and effective means of resolving the controversy." *Id.* (quotation omitted, alteration in original). "Where recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis, this factor weighs in favor of class certification." *Id.*

Class treatment is superior here because it will resolve the common question that is central to the class's claims efficiently in one action. There is no evidence before me that class members have an interest in individually controlling the prosecution of separate actions. To the extent there are class members who have claims sizeable enough to prosecute on their own, they are free to opt out of the class. But Gonzalez avers that there was turnover in the vacation counselor position, raising the inference that there may be many class members with claims too small to make it worthwhile to prosecute individually. The parties have not identified any litigation concerning the controversy already begun by or against class members, so that factor is neutral. This class action is

joined with a collective action against WMRP and Diamond Resorts International Marketing under the FLSA based on the same factual allegations. Thus, it is efficient for both the parties and the judicial system to adjudicate the claims together in this forum. I have no evidence that there are any likely difficulties in managing a class action beyond those inherent in any class action. Consequently, Gonzalez has met his burden of showing that class treatment is superior.

### D. Summary

Gonzalez has shown he meets the requirements in Rule 23(a) and Rule 23(b)(3). I therefore grant Gonzalez's motion to certify the following Rule 23 class:

> All non-exempt Sales Representatives and Vacation Counselors who worked on-site at one or more of defendant West Maui Resorts Partners, L.P.'s resorts (and/or affiliated resorts), in the state of Hawaii at any time since May 29, 2012 (the "Recovery Period").

I also appoint Gonzalez's counsel as class counsel. Additionally, because WMRP did not oppose the request, I direct WMRP to provide Gonzalez's counsel with the names, address, email addresses, and phone numbers of putative class members within 10 days of this order. The parties must confer prior to Gonzalez submitting a proposed notice to send to the class. The proposed notice must be submitted to the court within 30 days from the date of this order.

### E. Arbitration Agreements

WMRP argues that even if a class is certified, notice should not be sent to employees who have signed arbitration agreements that contain class-action waivers or who have released claims covered by this action. Gonzalez responds that whether the arbitration agreements are valid and enforceable is a merits or decertification question that is not suitable for resolution at this stage of the proceedings. He also notes that WMRP presents no evidence to support its

assertion that it has obtained releases from some employees and he questions the timing and circumstances under which any releases were obtained.

WMRP's argument relies on a recent case from the Fifth Circuit that held that the validity of arbitration agreements should be resolved before notice is sent to putative plaintiffs in a collective action. The Fifth Circuit ruled that "if there is a genuine dispute as to the existence or validity of an arbitration agreement, an employer that seeks to avoid a collective action, as to a particular employee, has the burden to show, by a preponderance of the evidence, the existence of a valid arbitration agreement for that employee." *In re JPMorgan Chase & Co.*, 916 F.3d 494, 502-03 (5th Cir. 2019). The plaintiff can then rebut that showing with additional evidence. *Id.* "Where a preponderance of the evidence shows that the employee has entered into a valid arbitration agreement, it is error for a district court to order notice to be sent to that employee as part of any sort of certification. But if the employer fails to establish the existence of a valid arbitration agreement as to an employee, that employee would receive the same notice as others." *Id.* at 503. The Seventh Circuit reached a similar conclusion. *Bigger v. Facebook, Inc.*, 947 F.3d 1043, 1050 (7th Cir. 2020).[4]

The Ninth Circuit has not yet addressed this issue in the context of either collective or class actions. I join other courts who have declined to follow *JPMorgan*. *See, e.g.*, *Cuevas v. ConAm Mgmt. Corp.*, No. 18CV1189-GPC(LL), 2019 WL 5320544, at *4-5 (S.D. Cal. Oct. 21, 2019) (collecting cases). As Judge Hoffman stated in his ruling in this case addressing certification of the FLSA collective action, "[w]ithholding notice because of the existence of an arbitration agreement presupposes the enforceability of the agreement . . . [and] the existence of an arbitration agreement goes to an aspect of [WMRP's] defense, [so] the enforceability of such

---

[4] This decision was issued after the briefing was completed in this case.

an agreement is better reserved for stage two" of the certification process. 2019 WL 3430770, at *5.

The Fifth and Seventh Circuits' approach raises potential standing and due process concerns and creates practical difficulties. Those courts would have Gonzalez litigate the enforceability of other putative plaintiffs' arbitration agreements without notice to them or an opportunity to respond. It is unclear whether Gonzalez has standing to do so. *Romero v. Clean Harbors Surface Rentals USA, Inc.*, 404 F. Supp. 3d 529, 534 (D. Mass. 2019). But even if he did, and even if doing so would not violate their due process rights, Gonzalez would have "no way of meaningfully contesting the validity" of the arbitration agreements because he does not know which employees signed them "or the circumstances in which they signed" the agreements. *Id.*

Even if he could obtain discovery on the point, that illustrates the practical difficulties raised by the Fifth and Seventh Circuits' approach. Notice in this case has already been delayed due to the court's heavy docket. To delay notice further so the parties can conduct discovery on arbitration agreements and releases for individuals who are not yet parties to this case, then file new motions to determine whether the agreements are valid without the participation of those parties, and then factor in the time it would take for this court to address the motions, another year or more could pass without even the first notice going out. That is neither practical nor efficient. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170-71 (1989) (stating that "the court has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way").

I decline to evaluate at this time the enforceability of the arbitration agreements or the alleged release of claims. But I will require Gonzalez to include in the notice language that

discusses how the arbitration agreement and release of claims may potentially affect class plaintiffs.

## III. CONCLUSION

I THEREFORE ORDER that defendant West Maui Resorts Partners, L.P.'s motion to strike **(ECF No. 79) is DENIED**.

I FURTHER ORDER that plaintiff Daniel Gonzalez's motion for Rule 23 class certification **(ECF No. 54) is GRANTED as follows**:

- I certify a class action for "All non-exempt Sales Representatives and Vacation Counselors who worked on-site at one or more of defendant West Maui Resorts Partners, L.P.'s resorts (and/or affiliated resorts), in the state of Hawaii at any time since May 29, 2012 (the 'Recovery Period')."

- I appoint plaintiff Daniel Gonzalez's counsel as class counsel.

- West Maui Resorts Partners, L.P. must provide the names, addresses, email addresses, and phone numbers of all putative class action members to plaintiff's counsel within 10 days of this order.

- The parties must confer and submit to the court a proposed notice within 30 days from the date of this order. If the parties cannot agree on the form, they each shall submit a proposed form and briefly explain why their suggested language is appropriate.

DATED this 1st day of May, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE