UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DANIEL GONZALEZ, et al.,

    Plaintiff(s),

v.

DIAMOND RESORTS INTERNATIONAL MARKETING, INC., et al.,

    Defendant(s).

Case No.: 2:18-cv-00979-APG-NJK

**ORDER**

[Docket No. 153]

    Pending before the Court is Plaintiffs' motion to amend the complaint. Docket No. 153. Defendants filed a response in opposition, and Plaintiffs filed a reply. Docket Nos. 155, 157. The matter has been referred to the undersigned magistrate judge for handling. A telephonic hearing is hereby **SET** for 2:00 p.m. on July 30, 2020. Counsel shall appear telephonically by calling the Court conference line at 877-402-9757 at least five minutes prior to the hearing. The conference code is 6791056. In order to ensure a clear recording of the hearing, the call must be made using a land line phone. Cell phone calls, as well as the use of a speaker phone, are prohibited.

    The Court will entertain argument on the motion generally. Counsel for both parties must also be prepared to address the following issues.[1]

    First, the briefing addresses only Rule 15 and does not address the Rule 16 standards that apply when a motion for leave to amend requires modification of the scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). The deadline established in the scheduling order to move for class certification is expired. *See* Docket No. 38 (scheduling order

---

[1] The Court is expressing no opinion herein on how it will resolve the motion.

setting deadline for July 29, 2019); *see also* Docket No. 53 (extending deadline to August 5, 2019). If Plaintiffs' motion for leave to amend is granted, Plaintiffs will file motions for class certification. *See* Mot. at 5.  Given the above, counsel must be prepared to argue whether the instant motion for leave to amend implicitly requires modification of the scheduling order and, therefore, triggers the Rule 16 analysis.  *E.g.*, *Arredondo v. Delano Farms Co.*, 2015 WL 6167448, at *6 & n.6 (E.D. Cal. Oct. 20, 2015).[2]  Counsel must also be prepared to argue whether the Rule 16 standards are met.

Second, the instant motion is premised on the assertion that the claims that Plaintiffs seek to add have long been known to all parties, but that Plaintiffs' counsel were awaiting discovery responses and disclosures related to the FLSA collective action to identify class representatives with standing to bring the proposed class claims. *See, e.g.*, Mot. at 3 n.1; Reply at 4-5.  Defendants object to this tactic as a misuse of the discovery process and of the FLSA procedures "as an advertising tool to solicit class representatives for separate state law claims." *See, e.g.*, Resp. at 2-3.  Neither party addresses the recent Ninth Circuit holding that "using discovery to find a client to be the named plaintiff before a class is certified is not within the scope of Rule 26(b)(1)." *In re Williams-Sonoma, Inc.*, 947 F.3d 535, 540 (9th Cir. 2020); *see also Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 416 (9th Cir. 1985) ("It was within the district court's discretion to deny appellants' counsel's attempt to obtain production under Rule 34 of the names of similarly situated investors in order to solicit support for his efforts to certify the class").  Counsel must be prepared to address whether and how such case law impacts the analysis of undue delay in this case.

IT IS SO ORDERED.

Dated: July 16, 2020

                                                                Nancy J. Koppe
United States Magistrate Judge

---

[2] The parties did not raise this issue, but the Court has a duty to correctly articulate legal standards. *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000). The Court also enforces its own scheduling order even when not prompted by the parties to do so. *Bonavito v. Nev. Prop. 1 LLC*, 2014 WL 5364077, at *4 (D. Nev. Oct. 21, 2014).