**MICHAEL N. FEDER**
Nevada Bar No. 7332
**DICKINSON WRIGHT PLLC**
3883 Howard Hughes Parkway, Suite 800
Las Vegas, NV 89169
Telephone: 702-550-4440
Facsimile:  844-670-6009
Email:  mfeder@dickinson-wright.com

**MARTIN D. HOLMES** (*Pro Hac Vice*)
Tennessee Bar No. 012122
**PETER F. KLETT** (*Pro Hac Vice*)
Tennessee Bar No. 012688
**DICKINSON WRIGHT PLLC**
Fifth Third Center, Suite 800
424 Church Street
Nashville, TN 37219
Telephone:     615-244-6538
Facsimile:     844-670-6009
Email:         mdholmes@dickinsonwright.com
               pklett@dickinsonwright.com

**TREVOR W. HOWELL** (*Pro Hac Vice*)
Tennessee Bar No. 009496
HOWELL LAW, PLLC
P.O. Box 158511
Nashville, TN  37215
Telephone:     615-406-1416
Email: trevor@howelllawfirmllc.com

*Attorneys for Plaintiffs, Collective Class Members and Hawaii Class Members*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIEL GONZALEZ and JEFFREY HUGHES, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DIAMOND RESORTS INTERNATIONAL MARKETING, INC., DIAMOND RESORTS INTERNATIONAL, INC., DIAMOND RESORTS CORPORATION, and WEST MAUI RESORTS PARTNERS, L.P.,<br><br>Defendants. | Case No. 2:18-cv-00979-APG-NJK<br><br>STIPULATION AND ORDER FOR A STAY OF PROCEEDINGS UNTIL DECEMBER 7, 2020, FOR THE PARTIES TO PREPARE FOR AND ATTEND MEDIATION |

Plaintiffs and Defendants HEREBY STIPULATE AND AGREE, by and through their respective counsel, as to the following:



1. The parties and their counsel have agreed to mediate the case subject to the terms set forth herein and in that regard, have scheduled a mediation on December 7, 2020, with Steve Rottman, a mediator who is nationally recognized in mediating large class and collective actions. Given the high demand for Mr. Rottman's mediation services and his limited availability, and for the reasons discussed below regarding additional supplementation of previously served written discovery, the parties request a stay of proceedings through December 7, 2020, including the August 27, 2020 expert disclosure deadline, September 27, 2020, rebuttal expert disclosure deadline, October 27, 2020 discovery cut-off and November 27, 2020 dispositive motion deadline.[1] The parties believe the proposed stay is in the parties' and the Court's interests in costs and efficiency.

2. On February 26, 2019, Plaintiffs filed their Motion for Conditional Certification of this Matter as a Collective Action and Approval of 29 U.S.C. § 216(b) Notice (Plaintiffs' Motion"). [ECF No. 43]. On July 29, 2019, the Court entered an Order granting Plaintiffs' Motion. [ECF No. Doc. 52]. As part of the relief sought, the Court-approved Notice and Consent Forms were sent to putative opt-in plaintiffs on October 28, 2019. The opt-in period ended on March 3, 2020.

3. At this juncture, 795 individuals have filed consents to join this action as Opt-in Plaintiffs.[2]

4. On October 31, 2018, Plaintiffs served their First Requests for Production of Documents to Defendants. As part of the discovery, Plaintiffs sought information and documents regarding putative opt-in plaintiffs and putative Hawaii Class Members, including but not limited to their personnel files, time records and pay records. The parties agreed to informally stay service of that discovery until December 19, 2018, with Defendants' responses due 30 days later on

---

[1] The stay would not include the current opt-out process for putative Hawaii Class Members or the filing of opt-out forms by Plaintiffs' counsel, any supplementation of written discovery requests previously propounded and continued meet and confer thereon. Plaintiffs' specifically reserve the right to seek relief from the Court in the event the parties reached an impasse on discovery issues related to written discovery requests previously propounded. In addition, the stay would not include the Court's ruling on the pending Motion to Amend Complaint or Plaintiffs' filing of any related amended pleading.

[2] Defendants hereby specifically reserve their continued rights to challenge, by motion after the stay period, opt-in or Hawaii class members' standing and/or the Court's jurisdiction over claims asserted by certain individuals and nothing herein is intended to waive any of those rights.

January 18, 2019. On January 25, 2019, after receiving a one-week extension, Defendants timely served their Responses and objected to producing information and documents as to putative opt-in plaintiffs and putative Hawaii Class Members on a variety of grounds, in part, taking the position that the production of such information or documents was premature before any conditional certification.

5. Prior to and after the March 3, 2020, deadline to file opt-in consents, the parties conferred and have continued to meet and confer in good faith regarding supplementation of written discovery, exchanging numerous letters and engaging in two extensive meet and confer conference calls lasting 2 ½ and 3 hours respectively. As a result, the parties have exchanged numerous supplemental discovery responses and this process is still ongoing.

6. On August 5, 2019, Plaintiff Gonzalez filed his Motion for Rule 23 Class Certification of Hawaii Wage and Hour Claims and Supporting Memorandum. [ECF No. 54]. The matter was fully briefed [ECF Nos. 60-64]. On May 1, 2020, the Court entered an Order granting Plaintiff's Motion. [ECF No. 159]. As part of the Order, the Court directed the parties to confer and submit a proposed notice. *Id., p. 14*.

7. On June 1, 2020, the parties filed a Stipulation and Order to Approve Notice and Opt-Out Form to Putative Hawaii Class Members, which was approved by the Court on June 8, 2020. [ECF Nos. 177 & 178]. Thereafter, the Notice and Opt-Out Form was sent to 619 putative Hawaii Class Members allowing them opt out on or before September 10, 2020.

8. While the meet and confer process regarding supplemental discovery has continued since March 2020, once the opt-out period ends on September 10, 2020, the parties will have further discussions regarding supplementation of previously served written discovery, including, but not limited to Hawaii Class Members, including production of time and pay records which are relevant to the issues of liability and damages necessary for the forthcoming mediation. Given the large number of Hawaii Class Members and the volume of documents and information related to these individuals, this will be a time-consuming process requiring significant additional meet and confers.

9. The parties are of the belief that December 7, 2020, is an appropriate date for mediation.

10. The parties recognize that substantial time and costs will be expended to review the considerable amount of information produced to date and to be produced as discovery progresses. The parties agree that it is in the best interest of all parties to wait until the mediation process is complete prior to incurring the time and expense of additional written discovery, expert designations, depositions, and motion practice, as the mediation could resolve this matter in its entirety, thereby relieving the parties of further costs and expenses and relieving the Court of taxes upon its resources.

11. It would be counterproductive to the parties' settlement efforts to have the parties incur the expense of time-consuming and costly additional written discovery, expert designations, depositions, and motion practice because the parties have agreed to stay such proceedings in favor of attempting to achieve a resolution to this matter. Rule 1 of the Federal Rules of Civil Procedure provides that the federal rules of practice should be "construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." (Emphasis added). If the Court does not grant a stay, the parties will be required to engage in and incur the costs of additional written discovery, expert designations, depositions, and motion practice that may not be necessary.

12. In order to conserve the Parties' and the Court's resources, to promote judicial economy, and to increase the likelihood of a successful mediation, the parties have agreed, subject to the Court's approval, and subject to the exceptions noted, to stay this matter in order for the parties to complete the agreed upon mediation.

13. In the event that the parties are unable to reach a resolution at the mediation, the parties agree to file a joint status report informing the Court of the same by Friday, December 11, 2020. The parties further agree to file an amended proposed discovery plan and scheduling order by Friday, December 18, 2020.

14. Based on the foregoing, the parties stipulate to a stay of proceedings through December 7, 2020. The stay specifically excludes the continuation of the opt-out process and the



filing of opt-out forms by Plaintiffs' counsel.  In addition, the stay excludes the parties' ongoing meet and confers and/or any supplementation of previously served written discovery, which will encompass any supplementation as it relates to the opt-in and Rule 23 classes.  The parties have agreed to continue to meet and confer and produce information necessary to enable the parties to properly evaluate liability and damages and conduct a meaningful mediation, in good faith.  In addition, Plaintiffs specifically reserve the right to seek relief from the Court in the event the parties reach an impasse on discovery issues related to discovery requests previously propounded. Finally, the stay will exclude the Court's ruling on the pending Motion to Amend Complaint or Plaintiffs' filing of any related amended pleading.

15. This stipulation is made in good faith and not for the purposes of delay.

IT IS SO STIPULATED this 7th day of August, 2020.

| DICKINSON WRIGHT PLLC | LEWIS ROCA ROTHGERBER CHRISTIE LLP |
|---|---|
| /s/ Martin D. Holmes<br>MICHAEL N. FEDER<br>Nevada Bar No. 7332<br>3883 Howard Hughes Parkway, Suite 800<br>Las Vegas, NV 89169<br><br>MARTIN D. HOLMES<br>(*Admitted Pro Hac Vice*)<br>Tennessee Bar No. 012122<br>PETER F. KLETT<br>(*Admitted Pro Hac Vice*)<br>Tennessee Bar No. 012688<br>AUTUMN L. GENTRY<br>(*Admitted Pro Hac Vice*)<br>Tennessee Bar No. 020766<br>Fifth Third Center, Suite 800<br>424 Church Street<br>Nashville, TN 37219<br><br>TREVOR W. HOWELL<br>(*Admitted Pro Hac Vice*)<br>HOWELL LAW, PLLC<br>Tennessee Bar No. 009496<br>P.O. Box 158511<br>Nashville, TN  37215<br><br>*Attorneys for Plaintiffs,*<br>*Collective Class Members and*<br>*and Hawaii Class Members* | /s/ Kirstin E. Muller<br>HOWARD E. COLE<br>Nevada Bar No. 4950<br>JENNIFER K. HOSTETLER<br>Nevada Bar No. 11994<br>BRIAN D. BLAKELY<br>Nevada Bar No. 13074<br>3993 Howard Hughes Pkwy, Suite 600<br>Las Vegas, NV 89169-5996<br><br>KIRSTIN E. MULLER<br>(*Admitted Pro Hac Vice*)<br>California Bar No. 186373<br>ALISON M. HAMER<br>(*Admitted Pro Hac Vice*)<br>California Bar No. 258281<br>BENJAMIN J. TREGER<br>(*Admitted Pro Hac Vice*)<br>California Bar No. 285283<br>Hirschfeld Kramer LLP<br>233 Wilshire Boulevard, Suite 600<br>Santa Monica, California 90401<br><br>*Attorneys for Defendants* |



# ORDER

Based on the parties' stipulations, and for good cause shown, it is hereby ORDERED that the proceedings in this matter are stayed until December 7, 2020.  In the event that the parties are unable to reach a resolution at the mediation, the parties must file a joint status report informing the Court of the same by Friday, December 11, 2020 and an amended proposed discovery plan and scheduling order by Friday, December 18, 2020.  The stay, however, specifically excludes the continuation of the opt-out process and the filing of opt-out forms by Plaintiffs' counsel.  In addition, the stay excludes the parties' ongoing meet and confers and/or supplementation of previously served written discovery.  In addition, the stay excludes the parties' right to seek relief from the Court in the event that the parties reach an impasse on issues related to written discovery requests previously propounded.  Finally, the stay excludes the Court's ruling on the pending Motion to Amend Complaint or Plaintiffs' filing of any related amended pleading.

IT IS SO ORDERED:

_____
NANCY J. KOPPE
United States Magistrate Judge

DATED: August 10, 2020