MICHAEL N. FEDER
Nevada Bar No. 7332
DICKINSON WRIGHT PLLC
3883 Howard Hughes Parkway, Suite 800
Las Vegas, NV 89169
Telephone:    702-550-4400
Facsimile:    844-670-6009
Email:        mfeder@dickinsonwright.com

MARTIN D. HOLMES (*Pro Hac Vice*)
Tennessee Bar No. 012122
PETER F. KLETT (*Pro Hac Vice*)
Tennessee Bar No. 012688
DICKINSON WRIGHT PLLC
Fifth Third Center, Suite 800
424 Church Street
Nashville, TN 37219
Telephone:    615-244-6538
Facsimile:    844-670-6009
Email:        mdholmes@dickinsonwright.com
              pklett@dickinsonwright.com

TREVOR W. HOWELL (*Pro Hac Vice*)
Tennessee Bar No. 009496
HOWELL LAW, PLLC
P.O. Box 158511
Nashville, TN 37215
Telephone: (615) 406-1416
Email:  trevor@howelllawfirmllc.com

*Attorneys for Plaintiffs, Collective Class Members and Hawaii Class Members*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIEL GONZALEZ and JEFFREY HUGHES, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DIAMOND RESORTS INTERNATIONAL MARKETING, INC., and WEST MAUI RESORTS PARTNERS, L.P.,<br><br>Defendants. | Case No. 2:18-cv-00979-APG-NJK<br><br>**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE MISCALCULATION OF ON-THE-CLOCK OVERTIME CLAIMS PURSUANT TO FRCP 56** |

Plaintiffs, on behalf of themselves, Opt-in Plaintiffs and Hawaii Class Members, submit Plaintiffs' Motion for Partial Summary Judgment on the Miscalculation of On-the-Clock Overtime Claims pursuant to FRCP 56 (hereinafter "Plaintiffs' Motion"). For the reasons discussed below,



the Court should rule that from May 29, 2012, to March 31, 2018, Defendants miscalculated on-the-clock overtime paid to Plaintiffs, Opt-in Plaintiffs and Hawaii Class Members as a matter of law, holding Defendants liable for unpaid on-the-clock overtime pursuant to the Fair Labor Standards Act ("FLSA") for the period from May 29, 2015, to March 31, 2018, and the Hawaii Wage and Hour Law for the period from May 29, 2012, to March 31, 2018.  Further, the Court should rule that Defendants did not act in good faith and acted willfully, thereby entitling Plaintiffs and Opt-in Plaintiffs to an equal amount in liquidated damages and a three-year recovery period pursuant to the FLSA.  Finally, the Court should rule that Defendant West Maui Resorts Partners, L.P. ("WMRP") acted willfully, thereby entitling Plaintiff Gonzalez and Hawaii Class Members to an equal amount in liquidated damages and a recovery period going back to May 29, 2012 pursuant to the Hawaii Wage and Hour Law and its six-year statute of limitations.[1]

**RELEVANT PROCEDURAL HISTORY**

On May 29, 2018, Plaintiffs filed this putative FLSA collective action on behalf of themselves and other similarly-situated Vacation Counselors who worked for Defendants nationwide, asserting claims for unpaid overtime and liquidated damages.  In addition, Plaintiff Daniel Gonzalez asserted claims for unpaid overtime and liquidated damages on behalf of a putative Rule 23 Hawaii state law class under the Hawaii Wage and Hour Law.  *ECF No. 1*.

As part of their claims for unpaid overtime on behalf of themselves, putative FLSA Collective Class Members and putative Hawaii Class Members, Plaintiffs alleged that Defendants violated the FLSA and the Hawaii Wage and Hour Law by failing to properly calculate overtime pay based on total compensation; but instead, improperly calculated overtime based on just the hourly component of Vacation Counselors' pay, excluding additional compensation such as commissions and bonuses.  *Id., ¶¶ 6-8, 35-42, and 69-72*.

---

[1] On or about April 1, 2018, Defendants modified the manner in which they calculated overtime, and began including additional weekly earnings of Vacation Counselors, such as commissions and bonuses.  Plaintiffs, however, do not concede that Defendants have correctly calculated overtime after April 1, 2018, and Plaintiffs continue to assert claims for unpaid on-the-clock overtime after that time to the present.  Further, Plaintiffs assert that they, as well as Opt-in Plaintiffs and Hawaii Class Members, worked off-the-clock and are entitled to additional unpaid wages, including overtime.  Plaintiffs' present Motion is limited to unpaid on-the-clock overtime pay and liquidated damages to which they are entitled as a matter of law under the FLSA and Hawaii Wage and Hour Law through March 31, 2018.



On February 26, 2019, Plaintiffs filed their Motion for Conditional Certification of this Matter as a Collective Action under the FLSA. *ECF No. 43*. On July 29, 2019, the Court entered an Order granting Plaintiffs' Motion for Conditional Certification. *ECF No. 52*. As part of the relief sought, the Court-approved Notice and Consent Forms were sent to putative opt-in plaintiffs on October 28, 2019.[2] The opt-in period ended on March 3, 2020, and at this juncture, 796 individuals have filed consents and joined this action as Opt-in Plaintiffs.

On August 5, 2019, Plaintiff Gonzalez filed his Motion for a Rule 23 Class Certification of Hawaii Wage and Hour Claims and Supporting Memorandum. *ECF No. 54*. On May 1, 2020, the Court entered an Order granting Plaintiff's Motion. *ECF No. 159*. On June 1, 2020, the parties filed a Stipulation and Order to Approve Notice and Opt-Out Form to Putative Hawaii Class Members, which was approved by the Court on June 8, 2020. *ECF Nos. 177 & 178*.[3] Thereafter, the Notice and Opt-Out Form was sent to 619 putative Hawaii Class Members allowing them opt out on or before September 10, 2020. Only 6 putative Hawaii Class Members opted out, so there are currently 614 Hawaii Class Members in the action, including Plaintiff Gonzalez.

**CONCISE STATEMENT OF MATERIAL FACTS TO WHICH THERE IS NO GENUINE ISSUE**

Defendants are in the timeshare industry, marketing and selling ownership interests to the general public. *ECF No. 43-3, Declaration of Daniel Gonzalez, 2/24/19 ("Gonzalez Decl. I"), ¶2; ECF No. 43-4, Declaration of Jeffrey Hughes ("Hughes Decl."), ¶ 2; ECF No. 54-1, Declaration of Daniel Gonzalez, 8/5/10 ("Gonzalez Decl. II"), ¶ 2*.

Defendants have sales offices located at various resort sites where they market and sell ownership interests. Defendants utilize Vacation Counselors, who meet with potential owners and existing owners to solicit them to purchase ownership interests or increase their ownership

---

[2] The FLSA Collective Class receiving Court-approved Notice consists of "[a]ll current and former individuals who, at any time since March 20, 2016, held the position of Vacation Counselor, acting as sales representatives, at Diamond resorts." *ECF No. 70-1*.

[3] The Hawaii Class consists of "[a]ll individuals who, at any time since May 29, 2012, were employed as a Vacation Counselor by West Maui Resorts Partners, L.P." *ECF No. 178*, p. 5

interests. *ECF No. 43-3, Gonzalez Decl. I, ¶¶ 3-7; ECF No. 43-4, Hughes Decl., ¶¶ 3-7; ECF No. 54-1, Gonzalez Decl. II, ¶ 3.*

At all relevant times, Vacation Counselors were paid an hourly rate based on the minimum wage in the state where they worked, plus commissions and bonuses based on sales. If the Vacation Counselor's commissions in a pay period exceeded their hourly pay, the hourly pay for that pay period was "recaptured" from earned commissions. *ECF No. 01-3, Compl., Ex. 3; ECF No. 01-4, Compl., Ex. 4; ECF No. 43-3, Gonzalez Decl. I, ¶ 9; ECF No. 43-4, Hughes Decl., ¶ 9; ECF No. 54-1, Gonzalez Decl. II, ¶ 4; ECF No. 54-1, Gonzalez Decl., Exs. A & B; Ex. 1, Diamond Resorts International Marketing, Inc. (hereinafter "DRIMI") Resp. to Pls.' RFA No. 10; Ex. 2, West Maui Resorts Partners, L.P. (hereinafter "WMRP") Resp. to Pls.' RFA No. 10.*[4]

From May 29, 2012, to March 31, 2018, Defendants did not consider commissions or bonuses when determining the regular rates of pay to calculate overtime paid to Vacation Counselors. Rather, prior to April 1, 2018, for recorded hours which exceeded more than (40) hours in a workweek, Defendants paid Vacation Counselors overtime based on one and one-half times the hourly minimum wage. *ECF No. 01-3, Compl., Ex. 3; ECF No. 01-4, Compl., Ex. 4; ECF No. 43-3, Gonzalez Decl. I, ¶¶ 10- 11; ECF No. 43-4, Hughes Decl., ¶¶ 10- 11; ECF No. 54-1, Gonzalez Decl. II, ¶¶ 5-6; ECF No. 54-1, Gonzalez Decl., Exs. A & B; Ex. 1, DRIMI Resp. to Pls.' RFA No. 16* ("Defendant admits that from May 29, 2015 until April 2018, Vacation Counselors employed by Defendant were paid one and one-half the state minimum wage rate for hours worked over forty in a week. From April 2018 on, Vacation Counselors employed by Defendant were paid overtime based on their regular rate of pay."); *Ex. 2, WMRP Resp. to Pls.' RFA No. 16* ("Defendant admits that from May 29, 2012 until April 2018, Vacation Counselors employed by WMRP were paid one and one-half the Hawaii minimum wage rate for hours worked over forty in a week. From April 2018 on, Vacation Counselors employed by WMRP were paid

---

[4] On the earnings statements of Plaintiffs, Opt-in Plaintiffs and Hawaii Class Members, the recapture of hourly wages is reflected in a line item titled "Wage Recap." *See, e.g., ECF No. 54-1, Gonzalez Decl. II, Ex. A, Pay Records for the Period from 3/1/15 to 3/14/15.*



*overtime based on their regular rate of pay.")*; Ex. 3, Declaration of Hossein Borhani ("Borhani Decl."), ¶¶ 5-6.

For example, pay records for Plaintiffs Hughes and Gonzalez confirm Defendants' policy of paying overtime based on the hourly rate and not total earnings prior to April 1, 2018. *ECF No. 01-3, Compl., Ex. 3; ECF No. 01-4, Compl., Ex. 4; ECF No. 54-1, Gonzalez Decl., Exs. A & B.*

Beginning in April 2018, Defendants changed their policy of calculating overtime based solely on the hourly rate and started paying additional "premium" payments referred to in Defendants' pay records as "OT Premium" for overtime hours and "DT Premium" for double time hours. *Ex. 3, Borhani Decl., ¶ 7; Ex. 1, DRIMI Resp. to Pls.' RFA Nos. 16 & 17; Ex. 2, WMRP Resp. to Pls.' RFA Nos. 16 & 17.*[5]

Defendants did not engage in any deliberate process to determine how to properly calculate overtime payable to Vacation Counselors prior to changing their policy on or about April 1, 2018. Further, Defendants concede that they did not seek legal advice on this issue. *Ex. 4, Depo. of Rule 30(b)(6) designee, Todd Fountain, 25:23-26:14; 27:6-14; 34:4-25.*

**LAW AND ARGUMENT**

### I.     Legal Standard

A moving party is entitled to summary judgment when there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) ("A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth."); *see also S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982). Initially, the party moving for summary judgment bears the burden of showing that there are no issues of material fact for trial. *Celotex,* 477 U.S. at 323. If the moving party satisfies its burden, the burden then shifts to the nonmoving party to show that there is an issue of material fact for trial. Fed. R. Civ. P. 56(e), *Celotex,* 477 U.S. at 324. There is no issue for trial "unless there is sufficient

---

[5] While Defendants maintain that beginning on or about April 1, 2018, they implemented a "cure" to properly pay overtime based on total earnings, Plaintiffs' experts have determined that there are still shortfalls in what Plaintiffs, certain Opt-in Plaintiffs and Hawaii Class Members are owed additional on-the-clock overtime payments based on Defendants' electronic time and pay data.



evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).  Conclusory allegations alone will not suffice to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).  Rather, the non-moving party must present admissible evidence showing there is a genuine issue for trial. Fed. R Civ. P. 56(e); *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995).

"This burden is not a light one.... The non-moving party must do more than show there is some 'metaphysical doubt' as to the material facts at issue." *In re Oracle Corp. Sec. Litig.,* 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted).  A "mere disagreement or bald assertion" that a genuine dispute as to a material fact exists "will not preclude the grant of summary judgment." *Deering v. Lassen Cmty. Coll. Dist.,* 2011 WL 202797, at *2 (E.D.Cal., Jan. 20, 2011) (citing *Harper v. Wallingford,* 877 F.2d 728, 731 (9th Cir. 1989)).  When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *LVRC Holdings LLC v. Brekka,* 581 F.3d 1127, 1137 (9th Cir. 2009) (citation omitted).

Lastly, the substantive law governing a claim or a defense determines whether a fact is material. *Miller v. Glenn Miller Prod., Inc.,* 454 F.3d 975, 987 (9th Cir. 2006). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Id.*

**II.     Defendants Violated the FLSA and Hawaii Wage and Hour Law by Failing to Include Total Compensation in Calculating the Regular Rate of Pay for Purposes of Determining Overtime Paid to Vacation Counselors**

Under the FLSA and Hawaii Wage and Hour Law, an employer must pay employees at least minimum wage for all hours worked up to 40 hours in a work week (29 U.S.C. § 206(a)), and unless an employee is exempt, must pay overtime to employees who work more than forty hours per week at a rate not less than one and one-half times its employees' *regular rate of pay*.  29 U.S.C. §§207(a)(1) and 213 (emphasis added); HRS §§ 387-2 & 387-3 (overtime must be paid "at a rate of not less than one and one-half times the regular rate at which the employee is employed.").



An employee's regular rate of pay is determined based on "*all remuneration* for employment paid to, or on behalf of, the employee." 29 U.S.C. § 207(e); 29 C.F.R. § 778.108 (emphasis added). The regular rate is computed on a workweek basis by dividing total weekly remuneration by the total number of weekly hours worked. 29 C.F.R. § 778.109. This includes employees who are paid an hourly rate, a piece rate, day rate, and salary. *See* 29 U.S.C. § 207(g); 29 C.F.R. §§ 778.110-.113; *accord Sharpe v. Cureton,* 319 F.3d 259, 270-71 (6th Cir. 2003); *see also* HRS §§ 387-3(c)(2) & (d).

Courts interpret wage laws "liberally to apply to the furthest reaches consistent with congressional direction" because "broad coverage is essential to accomplish the goal of outlawing . . . conditions that fall below minimum standards of decency." *Tony & Susan Alamo Found. V. Secretary of Labor,* 471 U.S. 290, 296 (1985). The general rule that all remuneration for employment must be included is subject to only certain enumerated exceptions, none of which are applicable in this case. 29 U.S.C. § 207(e)(1)-(8); HRS § 387-3(c)(2) & (d). The employer bears the burden of proving that the exception applies to a particular employee. *Bothell v. Phase Metrics, Inc.*, 299 F.3d 1120, 1124 (9th Cir. 2002); *Donovan v. Nekton, Inc.*, 703 F.2d 1148, 1151 (9th Cir. 1983). Broad wage law coverage and narrow exclusions bolster the specific purpose behind overtime requirements: "compensating the employees for the burden of a long workweek" and "avoiding the evil of … underpay." *See e.g. Walling v. Youngerman-Reynolds Hardwood Co.,* 325 U.S. 419, 424 (1945); *Brunozzi v. Cable Commc'ns, Inc.,* 851 F. 3d 990, 995 (9th Cir. 2017). Confirming the broad application and protections of the wage laws and regulations, the Ninth Circuit Court recently explained that in order to "effectuate the [overtime] statutory purposes… [courts] must look not to the contract nomenclature but to all payments, wages, piece work rates, bonuses or things of value." *Id.* at 995 (internal citations omitted).

As a threshold matter, bonuses, piece-work rates, commissions, and other supplemental incentive payments are *always* deemed remuneration for hours worked and do not fall into any of the enumerated exceptions. Therefore, such supplemental incentive payments must be included in the calculation of the overtime rate. Where an employer promises in advance to pay a bonus or

announces a bonus "to employees to induce them to work more steadily or more rapidly or more efficiently or to remain with the firm [the bonus is] regarded as part of the regular rate of pay." 29 C.F.R. § 778.211. This includes, for example, "[a]ttendance bonuses, individual or group production bonuses, bonuses for quality and accuracy of work, [and] bonuses contingent upon the employee's continuing in employment until the time the payment is to be made." 29 C.F.R. § 778.211(c). Commissions also expressly fall within the purview of an employee's regular rate of pay. 29 C.F.R. § 778.117 ("Commissions (whether based on a percentage of total sales or of sales in excess of a specified amount, or on some other formula) are payments for hours worked and must be included in the regular rate.") "This is true regardless of whether the commission is the sole source of the employee's compensation or is paid in addition to a guaranteed salary or hourly rate, or on some other basis, and regardless of the method, frequency, or regularity of computing, allocating and paying the commission." 29 C.F.R. § 778.117. Piece-rates are also included in the regular rate of pay. 29 C.F.R. §778.111 ("For overtime work the pieceworker is entitled to be paid, in addition to the total weekly earnings at this regular rate for all hours worked, a sum equivalent to one-half this regular rate of pay multiplied by the number of hours worked in excess of 40 in the week.") In short, regardless of how bonuses, piece-work rates, commissions, or incentive payments are characterized or paid out, the analysis is the same. If they do not qualify for one of the exceptions, they must be included in the overtime computation.

Defendants cannot meet their burden of showing that there is a genuine dispute of material fact as to whether one of the enumerated exceptions applies to the commissions and bonuses paid to Vacation Counselors. It is undisputed that, prior to April 1, 2018, Defendants paid commissions and bonuses that were not included in calculating the regular rate of pay for determining overtime owed to Vacation Counselors.

Because commissions and bonuses were not included in calculating the regular rate of pay, Defendants failed to properly compensate Plaintiffs, Opt-in Plaintiffs and Hawaii Class Members at the required overtime rate for hours worked in excess of 40 per week. Defendants have admitted that, prior to April 1, 2018, they only considered the minimum wage hourly rate when calculating

the regular rate of pay, and excluded commissions and bonuses. *Ex. 1, DRIMI Resp. to Pls.' RFA No. 16 ("Defendant admits that from May 29, 2015 until April 2018, Vacation Counselors employed by Defendant were paid one and one-half the state minimum wage rate for hours worked over forty in a week. From April 2018 on, Vacation Counselors employed by Defendant were paid overtime based on their regular rate of pay."); Ex. 2, WMRP Resp. to Pls.' RFA No. 16 ("Defendant admits that from May 29, 2012 until April 2018, Vacation Counselors employed by WMRP were paid one and one-half the Hawaii minimum wage rate for hours worked over forty in a week. From April 2018 on, Vacation Counselors employed by WMRP were paid overtime based on their regular rate of pay.").* As a result, Defendants cannot meet their burden of establishing the existence of any material facts sufficient to create a genuine dispute.

Accordingly, Plaintiffs, Opt-in Plaintiffs and Hawaii Class Members are entitled to summary judgment as to Defendants' liability for failing to pay them at the required overtime rate as a matter of law for the time period from May 29, 2012 to March 31, 2018.

### III. Defendants Did Not Exercise Good Faith and Acted Willfully, Entitling Plaintiffs and Opt-in Plaintiffs to Liquidated Damages and a Three-Year Recovery Period Pursuant to the FLSA, and Entitling Plaintiff Gonzalez and Hawaii Class Members to an Equal Amount in Liquidated Damages for a Six-Year Recovery Period Pursuant to the Hawaii Wage and Hour Law

The FLSA mandates liquidated damages in an amount equal to the unpaid overtime compensation claims unless the employer acted in "good faith" and had "reasonable grounds" to believe it was not violating FLSA. 29 U.S.C. § 259. Further, if the employer acted willfully, the FLSA mandates a three-year recovery period. 29 U.S.C. § 255(a).

Under certain limited instances, an employer may use the "good faith" exception found in 29 U.S.C. § 259 to limit its liability under the FLSA. The exception applies "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260 (2006). Section 259 provides an *objective* test that bars actions for unpaid overtime under the FLSA, requiring the employer to prove that the failure to pay overtime was "(1) taken in good faith and was (2) in conformity with and (3) in reliance on a written

administrative interpretation by a designated agency." *Cole v. Farm Fresh Poultry, Inc.*, 824 F.2d 923, 926 (11th Cir. 1987).   In the case of unpaid overtime, "[t]he agency designated to provide interpretations of the FLSA is the Administrator of the Wage and Hour Division of the Department of Labor." *Id.*

Therefore, to avail themselves of the Section 260 good faith exception, Defendants must provide facts "establish[ing] that [they] had an honest intention to ascertain and follow the dictates of the Act and that [they] had reasonable grounds for believing that [their] conduct complied with the Act." *Local 246 Utility Workers Union of Am. v. S. Cal. Edison Co.*, 83 F.3d 292, 298 (9th Cir. 1996) (internal quotations omitted).  In addition, an employer's "[m]ere ignorance . . . is not enough to establish the good faith exception." C*hildress v. Darby Lumbe*r*, Inc.*, 357 F.3d 1000, 1007 (9th Cir. 2004).  Nor can an employer's "reckless belief" of its compliance constitute good faith.  *Chao v. A-One Med. Servs., Inc.,* 346 F.3d 908, 920 (9th Cir. 2003).  Rather, the *Chao* Court gave weight to whether the employer "had secured some objective authority, or at the very least sought advice, on the legality of" its overtime calculations.  *Id.*

Defendants concede that they did not engage in any deliberate process to determine how to properly calculate overtime payable to their employees prior to changing their policy on or about April 1, 2018.  Further, Defendants concede that they did not seek legal advice on this issue. *Ex. 4, Depo. Rule 30(b)(6) designee, Todd Fountain,  27:6-11, 14*; *34:8-10, 25.* "To satisfy § 260, a FLSA-liable employer bears the 'difficult' burden of proving both subjective good faith and objective reasonableness, 'with double damages being the norm and single damages the exception.'" *Alverez v. IBP, Inc.,* 339 F.3d 894, 910 (9th Cir. 2003)(citations omitted).

Defendants have failed to proffer any facts or corporate testimony that, at any point, they undertook any deliberative process to determine how to legally calculate overtime pay prior to April 1, 2018. The Ninth Circuit has ruled in a similar context involving a good faith exception (under WARN Act's good faith exception which is analogous and nearly identical to § 260's) that a failure "to provide facts to establish" the exception will not survive summary judgment. *Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1008 (9th Cir. 2004).  Furthermore, Defendants

not only fail to provide any facts in support of their purported good faith exemption, they actually expressly admit that they never undertook any deliberative process relative to their unlawful overtime calculation practice or policy.  As demonstrated below, Defendants' conduct was clearly "willful" as defined by controlling precedent, and they cannot, as a matter of law, carry their burden of proving "good faith."  *See, e.g., Chao*, 346 F.3d at 920 ("[A] finding of good faith is plainly inconsistent with a finding of willfulness.").  Accordingly, this Court should grant Plaintiffs and Opt-in Plaintiffs' summary judgment on this issue.

Moreover, the Court should grant Plaintiff and Opt-in Plaintiffs summary judgment on the willfulness issue.  The statute of limitations under the FLSA is two years, except for "willful" violations of the Act, which extend the recovery period to a date beginning three years prior to the filing of the Complaint.  Section 255 provides, in pertinent part, as follows:

> Any action . . . to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation or liquidated damages . . . may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause or action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued. . . .

29 U.S.C. § 255(a).

The Supreme Court has defined "willful" as a knowing or reckless disregard by the employer as to whether its conduct was prohibited by the statute.  *See, McLaughlin v. Richland Shoe Co.*, 486 U.S. 129, 133, 108 S.Ct. 1677, 1681 (1988) (applying the standard from *Trans World Airlines v. Thurston*, 469 U.S. 111, 125-30, 105 S.Ct. 613, 623-26 (1985)); *Alverez, et al. v. IBP, Inc.*, 339 F.3d 894, 908-909 (9th Cir. 2003) ("For § 255's extension to obtain, an employer need not knowingly have violated the FLSA; rather, the three-year term can apply where an employer disregarded the very 'possibility' that it was violating the statute…")(citation omitted).[6]

The Ninth Circuit's decision in *Flores, et al. v. City of San Gabriel*, 824 F. 3d 890 (9th Cir. 2016), is dispositive of the willfulness issue in this action.  In *Flores*, as here, the defendant failed to include all compensation paid to its police officers in the determination of their regular rate for

---

[6] As is the case with Defendants in the instant lawsuit, the Court found that "IBP was on notice of its FLSA requirements, yet took no affirmative action to assure compliance with them." *Id.* at 909.

purposes of calculating overtime pay. Because "it is undisputed that the City failed to investigate whether its exclusion of cash-in-lieu of benefits payments from the regular rate of pay complied with the FLSA," the Ninth Circuit concluded that the city's violation of the FLSA was willful and that the Act's three-year statute of limitations applied. The Court's observations and holding are fully applicable here:

> An employer's violation of the FLSA is "willful" when it is "on notice of its FLSA requirements, yet [takes] no affirmative action to assure compliance with them." *Id.* at 909; *see also Haro v. City of Los Angeles*, 745 F.3d 1249, 1258 (9th Cir. 2014)(citing *Alvarez*, 339 F.3d at 909). Such is the case here. Ms. Tang's testimony regarding the City's process for designating payments as either a "premium" or a "benefit" to distinguish between payments included in the City's calculation of an officer's regular rate of pay shows that the City was aware of its obligations under the FLSA. And despite notice of the Act's requirements, the record yields no evidence of affirmative actions taken by the City to ensure that its classification of its cash-in-lieu of benefits payments complied with the FLSA. Indeed, it is undisputed that the City failed to investigate whether its exclusion of cash-in-lieu of benefits payments from the regular rate of pay complied with the FLSA at any time following its initial determination that the payments constituted a benefit…More to the point here, the absence of controlling case authority[7] cannot be dispositive when the City has put forth no evidence that it ever looked to see whether such authority existed. *Cf. Serv. Emps. Int'l Union, Local 102 v. Cty. of San Diego*, 60 F.3d 1346, 1355–56 (9th Cir. 1994)(finding that evidence that employer relied on substantial legal authority and consulted with experts and the Department of Labor on its obligations under the FLSA established that the employer's violation was not willful)…The City has put forth no evidence of any actions it took to determine whether its treatment of cash-in-lieu of benefits payments complied with the FLSA, despite full awareness of its obligation to do so under the Act. We therefore conclude that its violation of the FLSA was willful and that the Act's three-year statute of limitations applies. We accordingly reverse the district court's ruling concerning the statute of limitations, and remand the matter for further proceedings.

*Id.* at 906-907.

Finally, Defendant WMRP acted willfully, entitling Plaintiff Gonzalez and Hawaii Class Members to liquidated damages under the Hawaii Wage and Hour Law. *See* HRS § 387-12(b). While Plaintiffs could find no case law interpreting what constitutes a willful violation of the Hawaii Wage and Hour Law, the Hawaii Wage and Hour Law tracks with the FLSA in all material respects.

---

[7] Such controlling authority is not lacking here. The requirement that employers include all compensation paid in the determination of employees' regular rate of pay for purposes of calculating overtime pay has been long established in both case law and in the FLSA's provisions and regulations. *See, e.g.,* 29 U.S.C. § 207(e); 29 C.F.R. § 778.108, 109.



Defendants can make absolutely no colorable argument whatsoever that calculating overtime based only on the hourly component of a Vacation Counselor's pay, and completely disregarding additional compensation such as commissions and bonuses, complied with the express statutory language of the FLSA and Hawaii Wage and Hour Law, as well as regulations related to the FLSA and unanimous case law on this issue.  Thus, at a minimum, Defendants acted with reckless disregard and disregarded the very "possibility" that the manner in which they calculated overtime pay was illegal.

## CONCLUSION

Based on the foregoing, the Court should find that, as a matter of law, Defendants miscalculated on-the-clock overtime pay owed to Plaintiffs, Opt-in Plaintiffs and Hawaii Class Members from May 29, 2012, to March 31, 2018.  Accordingly, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Partial Summary Judgment, ruling that Defendants are liable to Plaintiffs, Opt-in Plaintiffs and Hawaii Class Members for unpaid on-the-clock overtime pursuant to the Fair Labor Standards Act ("FLSA") for the period from May 29, 2015, to March 31, 2018, and the Hawaii Wage and Hour Law for the period from May 29, 2012, to March 31, 2018.

Further, Plaintiffs respectfully request a ruling that Defendants did not act in good faith and acted willfully with reckless disregard for the requirements of the FLSA, entitling Plaintiffs and Opt-in Plaintiffs to an equal amount in liquidated damages and a three-year recovery period pursuant to the FLSA.  Finally, Plaintiffs respectfully request a ruling that Defendants acted willfully with reckless disregard for the requirements of the Hawaii Wage and Hour Law, entitling Plaintiff Gonzalez and Hawaii Class Members to an equal amount in liquidated damages for a recovery period going back to May 29, 2012 pursuant to the Hawaii Wage and Hour Law and its six-year statute of limitations.

Respectfully submitted,

DICKINSON WRIGHT PLLC

*/s/ Martin D. Holmes*
MICHAEL N. FEDER
Nevada Bar No. 7332
3883 Howard Hughes Parkway, Suite 800
Las Vegas, NV  89169

MARTIN D. HOLMES
(*Admitted Pro Hac Vice*)
Tennessee Bar No. 012122
PETER F. KLETT
(*Admitted Pro Hac Vice*)
Tennessee Bar No. 012688
Fifth Third Center, Suite 800
424 Church Street
Nashville, TN  37219

TREVOR W. HOWELL
(*Admitted Pro Hac Vice*)
HOWELL LAW, PLLC
Tennessee Bar No. 009496
P.O. Box 158511
Nashville, TN  37215

*Attorneys for Plaintiffs, Opt-in Plaintiffs and Hawaii Class Members*

# CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2021, I caused a true and accurate copy of the foregoing, PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE MISCALCULATION OF ON-THE-CLOCK OVERTIME CLAIMS PURSUANT TO FRCP 56 to be filed with the Clerk of the Court via the Court's CM/ECF system, which sent an electronic copy of same to the following counsel of record:

HOWARD E. COLE
JENNIFER K. HOSTETLER
BRIAN D. BLAKELY
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

ALISON MEGAN HAMER (Admitted Pro Hac Vice)
BENJAMIN JOSEPH TREGER (Admitted Pro Hac Vice)
KIRSTIN ELISABETH MULLER (Admitted Pro Hac Vice)
FERRY EDEN LOPEZ (Admitted Pro Hac Vice)
HIRSCHFELD KRAMER LLP
233 Wilshire Boulevard, Suite 600
Santa Monica, California  90401

*Attorneys for Defendants*

/s/ Martin D. Holmes
Martin D. Holmes

4853-2692-6823 v2 [77850-1]

