UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL GONZALEZ, et al.,<br><br>Plaintiffs<br><br>v.<br><br>DIAMOND RESORTS INTERNATIONAL MARKETING, INC., et al.,<br><br>Defendants | Case No.: 2:18-cv-00979-APG-NJK<br><br>**Order Granting in Part Plaintiffs' Motion for Summary Judgment**<br><br>[ECF No. 215] |

Plaintiffs Daniel Gonzalez and Jeffrey Hughes sue defendants Diamond Resorts International Marketing, Inc. and West Maui Resorts Partners, L.P. (WMRP) under the Fair Labor Standards Act (FLSA) and Hawaii law on behalf of themselves and similarly situated vacation counselors. The plaintiffs move for partial summary judgment on the question of whether the defendants miscalculated overtime paid to the plaintiffs from May 29, 2012 through March 31, 2018. The plaintiffs also seek a ruling that the defendants acted willfully, which would extend the FLSA limitation period and subject the defendants to liquidated damages under both the FLSA and Hawaii law. For the reasons discussed below, I grant the plaintiffs' motion in part.

**I. ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

### A. Overtime Calculation

The plaintiffs contend there is no dispute that the defendants paid overtime based on one and one-half of the relevant state's minimum wage rate for hours worked in excess of 40 hours in a week. The plaintiffs argue this violated the FLSA and Hawaii law because overtime must be based on the employee's regular rate of pay, which means all renumeration to include bonuses and commissions, not just the hourly wage.

The defendants respond that the plaintiffs' motion is premature because the plaintiffs must first show they are nonexempt employees entitled to overtime. They defendants have asserted certain overtime exemptions apply. The defendants also argue the plaintiffs have not shown that the defendants are employers, that the plaintiffs are employees, and that the plaintiffs worked overtime hours for which they were not properly paid.

Under the FLSA, an employer must pay its employees overtime compensation of one and one-half times the regular rate of pay for any hours worked in excess of 40 in a week. 29 U.S.C. § 207(a). Hawaii's wage and hour law has similar requirements. Haw. Rev. Stat. § 387-3(a).

The "'regular rate' at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee . . . ." 29 U.S.C. § 207(e). This includes commissions and bonuses. *See* 29 C.F.R. §§ 778.109, 778.110(b), 778.117.

Diamond is an employer under the FLSA, WMRP is an employer under Hawaii law, and the plaintiffs are employees under either the FLSA or Hawaii law. *See* ECF Nos. 1 at 8-9; 26 at 9-10. From May 29, 2015 to April 2018, Diamond calculated vacation counselors' overtime pay at one and one-half times the minimum hourly wage for the relevant state in which the employee was working. ECF No. 215-1 at 9. Similarly, from May 29, 2012 to April 2018, WMRP calculated vacation counselors' overtime pay at one and one-half times the Hawaii minimum wage. ECF No. 215-2 at 9. The plaintiffs have presented evidence that at least some plaintiffs worked some overtime during the relevant time period. *See* ECF Nos. 1-3; 1-4; 54-1; 215-3. Through this motion for partial summary judgment, the plaintiffs do not seek a ruling on the amount owed to each plaintiff. Thus, they need not show at this stage when each plaintiff worked uncompensated overtime or how much they are owed.

The defendants do not dispute that if the plaintiffs are nonexempt employees, then the manner in which the defendants calculated overtime violated the FLSA and Hawaii law. Although the defendants argue that this motion is premature until it is determined that no exemptions apply, summary judgment is a device through which the issues for trial can be narrowed. *See Wood v. GCC Bend, LLC*, 422 F.3d 873, 879 (9th Cir. 2005) (noting that rulings on summary judgment motions may "trim and prune a case to focus on what really is at issue for trial"). It therefore is proper to consider whether the overtime calculation violated the law if the plaintiffs are nonexempt. And I have determined by separate order that the only exemption Diamond identifies under the FLSA for its vacation counselors does not apply as a matter of law.

Diamond's vacation counselors are not exempt from the FLSA overtime requirement and the defendants improperly calculated overtime for these employees, so I grant in part the plaintiffs' motion. But I deny the plaintiffs' broad request for a ruling that from May 29, 2015 through March 31, 2018, Diamond miscalculated overtime for all FLSA plaintiffs as a matter of law. There remain issues for trial, including the proper limitation period under the FLSA, as discussed below.

**B. Willfulness**

The plaintiffs argue no genuine dispute remains that the defendants acted willfully because they did not investigate their obligations under the FLSA and Hawaii law, and, had they done so, they would have properly included the bonuses and commissions in the overtime calculation. They contend that the defendants' good faith defenses fail so the plaintiffs are entitled to liquidated damages and an extended limitation period under the FLSA.

The defendants again respond that the plaintiffs' motion is premature because the plaintiffs must first establish that the defendants violated the law. The defendants also argue they acted in good faith.

<u>1. Good Faith Defense on Liability</u>

Under 29 U.S.C. § 259(a), an employer can avoid liability under the FLSA for failure to pay overtime if it "pleads and proves that the act or omission complained of was in good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation, of the agency of the United States specified in subsection (b) of this section, or any administrative practice or enforcement policy of such agency with respect to the class of employers to which [it] belonged." The agency referred to is the Administrator of the Wage and Hour Division of the Department of Labor (DOL). 29 U.S.C. § 259(b)(1). This defense requires

Diamond to "show it acted in (1) good faith, (2) conformity with, and (3) reliance on the DOL's regulations" or one of the other categories of written authority issued by the Administrator. *Frank v. McQuigg*, 950 F.2d 590, 598 (9th Cir. 1991). The employer must show that it "actually relied upon" the DOL guidance. 29 C.F.R. § 790.16(a). Additionally, the

> regulations, orders, ruling, approvals, interpretations, administrative practices and enforcement policies relied upon and conformed with must be those of an agency and not of an individual officer or employee of the agency. Thus, if inspector A tells the employer that the agency interpretation is that the employer is not subject to the . . . Act, the employer is not relieved from liability, despite his reliance in good faith on such interpretations, unless it is in fact the interpretation of the agency.

29 C.F.R. § 790.19(b) (quotation omitted).

Diamond contends that it relied on a letter signed by a DOL investigator following an audit of Diamond's operations in Virginia in 2016, in which the investigator concluded that the retail exemption applied so Diamond was not violating the FLSA. *See* ECF No. 219-4. However, an investigator's letter does not qualify as a ruling, order, or approval by the Administrator. Diamond's good faith defense to liability under § 259 therefore fails as a matter of law. Consequently, I grant this portion of the plaintiffs' motion.

### 2. Good Faith Defense on Liquidated Damages and Willfulness

#### a. Diamond under the FLSA

An employer who violates the FLSA's overtime requirement may be required to pay liquidated damages in an amount equal to the unpaid overtime. 29 U.S.C. § 216(b). A court may, in its discretion, decline to award liquidated damages or may award a reduced amount if the employer "shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that [it] had reasonable grounds for believing that [its] act or omission was not a violation" of the FLSA. 29 U.S.C. § 260. For this defense to apply, Diamond

must show "that it had an honest intention to ascertain and follow the dictates of the Act and that it had reasonable grounds for believing that its conduct complied with the Act." *Flores v. City of San Gabriel*, 824 F.3d 890, 904-05 (9th Cir. 2016) (simplified).  "An employer who failed to take the steps necessary to ensure its practices complied with [the] FLSA and who offers no evidence to show that it actively endeavored to ensure such compliance has not satisfied § 260's heavy burden." *Id.* at 905 (simplified).

If the "employer fails to satisfy its burden under § 260, an award of liquidated damages is mandatory." *Id.*  "Whether the employer acted in good faith and whether it had objectively reasonable grounds for its action are mixed questions of fact and law." *Id.*

The FLSA has a two-year statute of limitations, but that is extended to three years for willful violations. 29 U.S.C. § 255(a).  A violation is "willful if the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA." *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 918 (9th Cir. 2003) (simplified).

Viewing the facts in the light most favorable to the defendants on the plaintiffs' motion, genuine disputes remain regarding whether Diamond reasonably sought to ascertain its overtime obligations in relation to the 2016 DOL investigation and had reasonable grounds for believing its vacation counselors were exempt based on that investigation's results.  There is some evidence that Diamond human resources personnel were aware of the investigation and its results.  There is no evidence that the vacation counselors at the Virginia location were somehow unique.  Consequently, Diamond could have concluded that the DOL investigator had approved their treatment of all vacation counselors, so it did not need to take different action in that regard.  For these same reasons, genuine disputes remain as to whether Diamond acted willfully.  I therefore deny this portion of the plaintiffs' motion.

b. WMRP under Hawaii Law

Hawaii law provides for liquidated damages for a willful violation of its overtime requirements. Haw. Rev. Stat. § 387-12(b). The parties do not suggest that Hawaii law on willfulness in this context differs from the FLSA. The Supreme Court of Hawaii has not addressed this issue. I therefore must predict what that court would do if presented with the question. *High Country Paving, Inc. v. United Fire & Cas. Co.*, 14 F.4th 976, 978 (9th Cir. 2021). "In instances where Hawai'i case law and statutes are silent, [the Supreme Court of Hawaii] can look to parallel federal law for guidance." *Gold v. Harrison*, 962 P.2d 353, 363 (Haw. 1998) (quotation omitted). Consequently, I predict the Supreme Court of Hawaii would follow the federal case law on the FLSA's definition of willfulness to determine that term's meaning under § 387-12(b).

Even viewing the evidence in the light most favorable to WMRP, it has not presented any evidence that it attempted to ascertain its obligations under Hawaii law. The DOL investigation addressed whether Diamond violated the FLSA, not Hawaii law. ECF No. 219-10. WMRP does not explain how the investigator's conclusion that vacation counselors were exempt under the retail or service establishment exemption in the FLSA informed WMRP about its obligations under Hawaii law. *See id.* at 7. And WMRP presents no other evidence that it attempted to ascertain its duties under Hawaii law. As a result, if WMRP is ultimately found to have violated Hawaii law, any such violation would be willful. I therefore grant this portion of the plaintiffs' motion.

/ / / /

/ / / /

/ / / /

### III. CONCLUSION

I THEREFORE ORDER that the plaintiffs' motion for summary judgment **(ECF No. 215) is GRANTED in part** as set forth above.

DATED this 27th day of December, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE